### NEWCOMB vs. HORTON, County Treasurer &c., and others.

Plaintiff sued in behalf of himself *and of the other tax payers* of his school district, to restrain the county treasurer from proceeding to advertise and sell their real estate in said school district for the purpose of collecting a delinquent tax assessed upon the property of the district to pay certain judgments against the district, and to have the judgments declared void, on the ground that they were obtained upon illegal and forged school orders, and that the director of the district, though notified of the commencement of the suits, did not defend them on its behalf but suffered such judgments to be obtained with intent to defraud the tax payers. *Held*, on demurrer, that plaintiff could not sue in behalf of the other tax payers, but that each tax payer desiring the relief sought, must bring his several action.

In such an action, the owners of the several judgments sought to be declared void, and the collection of a tax for the payment of which is sought to be restrained, should all be made defendants.

The complaint, in addition to the allegations above stated, averred as to one of the parties made defendant as the owner of one of said judgments, that he colluded with the officers of the district in issuing the fraudulent order upon which his judgment was founded, and that he had due notice, when he recovered his judg

ment, of all matters which are relied upon to avoid it. *Held*, that as to said defendant the complaint states a cause of action.

Whether any cause of action is stated as against the defendants who are *not* alleged to have received said school orders with knowledge of any fact impeaching their validity, is not here decided.

APPEAL from the Circuit Court for *La Crosse* County.

This appeal was from an order overruling a demurrer to the complaint. The substance of the complaint, and the grounds of demurrer, are stated in the opinion of this court.

*Hugh Cameron*, for appellants, to the point that the plaintiff could only sue for himself, cited Adams' Eq., 319, 320; *Bouton v. City of Brooklyn*, 15 Barb., 375. 2. To the point that there was a misjoinder of defendants, they cited *Fellows v. Fellows*, 4 Cow., 702. 3. Counsel contended that the school district was bound by the judgments which the director suffered to be entered against it (Ang. & A. on Corp., 302); and that the plaintiff could not impeach the judgments on any other grounds than those upon which they could be impeached by the district. *Slee v. Bloom*, 20 Johns., 669, 682, opinion of SPENCER, C. J.

*Cameron & Losey*, for respondent.

[No brief on file.]

*By the Court*, COLE, J. This action is brought by the respondent *Newcomb*, in behalf of himself and others, tax payers of school district No. two, in the town of Jackson, La Crosse county, to restrain the county treasurer from proceeding to advertise and sell a large quantity of real estate situated in the school district and belonging to them, for the purpose of collecting a delinquent tax assessed upon the property of the district to pay certain judgments mentioned in the complaint, and to have the judgments declared void. The owners of these judgments are joined in the suit with the county treasurer as defendants. It is alleged in the complaint that these judgments were obtained against the school district upon certain illegal and forged school orders; that the director of the

district, though notified of the commencement of the suits, yet did not defend them on behalf of the district, but suffered judgments to be obtained upon such void orders, with intent to defraud the tax payers of the district. It is not, however, alleged that any of the plaintiffs in the suits in which judgments were recovered, were privy to the fraud or had notice of any invalidity or illegality in the school orders, except the defendant *Porter Marcy.* The complaint was demurred to on several grounds. The first objection is, in substance, that the respondent could not bring this action in his own behalf and on behalf of the several tax payers of the school district; that there is no common right or general interest of these persons in the property affected by the tax ; that the tax is upon and against the individual property of each tax payer; and that if there is any injury, it is an injury to the property and rights of each tax payer alone, and not an injury affecting a common right or interest. It appears to us that this objection must prevail.

It is an elementary rule in chancery pleading, that every person who is at all interested in the event of a suit, or necessary to the relief, must be made a party in order to enable the court to settle the rights of all and make a complete and final decree upon the merits. This rule was dispensed with where it was inconvenient, difficult or impracticable, on account of the number or situation of the parties, to unite them in one suit. In that case the court went as far as it could in doing justice to the parties before it, rather than deny it altogether. Story's Eq. Plead., chap. 4; Lube's Eq. Plead., chap. 3 ; and Mitford's Plead., 164. Sometimes, where the question was one of a common or general interest, in order to prevent a multiplicity of suits, one or more was permitted to sue or defend for the benefit of the whole. Illustrations of this rule are given by Judge STORY, in sections 97, 98, 107, 124, 168 and 285 of his work above cited. Our statute, in recognition of this rule, provides that when the question is one of a common or

general interest of many persons, or where the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole. Sec. 20, chap. 122, R. S. But we do not understand that this case comes within that rule or provision of law. There is no general or common interest affected by the assessment and tax in this case. The property is owned in severalty, and each tax payer may sue alone, and obtain complete relief so far as his rights and property are concerned. There is no necessity for one tax payer to unite another with him in a suit for this purpose. The county treasurer may be restrained from advertising and selling A's land, and proceed and sell all the rest. It is true, selling lands for an illegal and and void tax would be an act injurious to all persons whose property was sold. But that does not prove that one tax payer may bring this suit for his own benefit as well as in behalf of others. Suppose the town treasurer had levied upon and sold the personal property of each tax payer, and thus collected the amount of tax assessed against each. Would it be claimed that all whose property had been thus illegally sold could maintain a joint action of trespass? Probably not. It would be admitted that there was no joint and common interest in the property, and that each one had his separate trespass to complain of. So here. The rights are separate, the interests entirely distinct; and one tax payer may obtain complete relief without making another a party. In *Bouton v. The City of Brooklyn et al.*, 15 Barb. (S. C.), 375, it was distinctly ruled that an action brought by a party suing in his own behalf as well as in behalf of other persons interested, to avoid an assessment made by a municipal corporation upon the separate lots of the plaintiff and such other persons, for grading a park, and to restrain the collector from collecting the same, could not be maintained. It appears to us that this decision rests upon sound principles, and that the first ground of demurrer

570 SUPREME COURT OF WISCONSIN,

Newcomb vs. Horton, County Treasurer &c., et al.

taken to the complaint is good. This likewise disposes of the second cause of demurrer.

The third ground of demurrer is, that there is a defect of parties defendant, for the reason that the defendants in this action have been improperly united. There are several judgments mentioned in the complaint, and it is claimed that the owners of these judgments are not connected in any manner; that each owns his separate, individual judgment; and that therefore they have been improperly joined in the action as parties defendant. It is true, the interests of the defendants in these different judgments may be distinct and independent; yet there is one entire tax, equal in amount to these several judgments, levied upon the property of the district. One object of the action is to restrain the collection of this tax. Now it is very manifest that all these judgment creditors have a common interest in this tax, and in the point in issue in the cause. Indeed, if the collection of any portion of the tax be restrained, it affects them all alike. We think, therefore, that all the judgment creditors have a connection with each on account of their common interest in the tax sought to be restrained, and that they were properly united as defendants in the action. In the language of the authorities, they "have one common interest among them all, centering in the point in issue in the cause." *Brinkerhoff v. Brown*, 6 Johns. Ch., 139; *Fellows v. Fellows*, 4 Cowen, 682; Story's Eq. Plead., § § 285 et seq.

A further question was made on the argument, whether indeed the complaint stated facts sufficient to impeach any of the judgments against the district for fraud. We shall not dwell upon this point, but will remark that we think the matters alleged in reference to the *Marcy* judgment do constitute a good ground for setting it aside. For it is alleged that *Marcy* colluded with the officers of the district in issuing the fraudulent order, and that he had due notice, when he recovered his judgment upon it, of all matters which showed that this judgment

was void and constituted no legal charge upon the property of the district. Under these circumstances, it seems to us that his judgment, at least, might be avoided on the ground of fraud. *Lowber v. The Mayor &c. of N. Y.*, 5 Abb., 325; id., 484. Whether, in the other cases, where the judgment creditors had received their school orders in good faith, without the knowledge of any fact impeaching their validity, the judgment would be set aside, is a far different question.

But for the reason first given, the order of the circuit court overruling the demurrer to the complaint must be reversed, and the cause remanded for further proceedings.