TROYER *et al.* v. WOOD, *Appellant.*

1. **Tax Sale :** PUBLICATION : ERROR IN NAME : JUDGMENT.  A sale of the land of Daniel *Troyer* for taxes, under a judgment in a tax suit in which notice by publication was directed against Daniel *Tragar*, was a nullity, notwithstanding Daniel Troyer's name was entered upon the record of his deed as Daniel Tragar.

2. ———— : ———— : ———— : ————.  Such judgment was a nullity as to Daniel Troyer and his heirs, he not being a party to the suit, nor in privity in estate or otherwise with the defendant thereto.

*Appeal from Vernon Circuit Court.*—HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*G. S. Hoss* for appellant.

*E. E. Kimball* for respondents.

SHERWOOD, J.—Plaintiffs, the heirs of Daniel Troyer, deceased, brought ejectment for the northeast quarter of the southeast quarter of section 18, township 35, range 29.   Petition in usual form ; answer, a general denial.   Plaintiffs proved themselves heirs of Daniel Troyer, deceased, and then showed a regular chain of title from the United States to Holbrook, Holbrook to Huselton, Huselton to Richardson, and Richardson to said Daniel Troyer.   The deed from Richardson to Troyer was, however, entered on the records as being from Richardson to Daniel *Tragar.*

Defendant claims under tax proceedings, resulting in judgment and sale of the land in controversy, and through mesne conveyances from the purchaser at such sale, who received a sheriff's deed for the land aforesaid.   The tax suit mentioned was instituted against Daniel *Tragar.*   The circuit court was of the opinion

that the tax proceedings were void, because of the insufficiency of the affidavit for publication, in that it alleged the non-residence of the defendant Daniel *Tragar*, on "knowledge and belief."

Owing to views to be presently developed, it is unnecessary to discuss the sufficiency of that affidavit. For the purposes of this opinion it may be conceded that every step taken in the tax suit against Daniel *Tragar* was regular and valid from inception to termination. It may also be conceded that, owing to the mistake made by the recorder in recording the deed from Richardson to Daniel Troyer, that deed was so recorded as to make it appear that Daniel *Tragar* was the grantee in such deed, and therefore, under the ruling in *Terrell v. Andrew County*, 44 Mo. 308, *Tragar* must be regarded as the record owner of the land in suit. It may also be conceded that under the ruling in *Vance v. Corrigan*, 78 Mo. 94, that a suit for back taxes is properly brought against the apparent, *i. e.*, the record owner, of real property, and that such record owner is to be treated as the true owner, and that a tax sale made against such apparent or record owner of the property, will bind the true owner *who claims under the apparent owner by unrecorded deed.*

These concessions may freely be made, · yet being made how do they affect, or what bearing do they have on the case at bar? These concessions and statements have been made in order to a full understanding of the precise *status* of the case in hand. But Daniel Troyer nor those who derive their title from him, *do not claim under* Daniel *Tragar*, neither by unrecorded deed nor otherwise ; they are not in privity with him either in blood estate or law, and consequently the principle announced in *Vance v. Corrigan, supra,* can have no application here. Bigelow on Estop. [3 Ed.] 284.

The only question therefore arising upon the foregoing facts is : What effect did the tax proceedings and judgment against Daniel *Tragar* have against Daniel

*Troyer?* It is a principle of universal justice that no one shall be condemned in his person or property without notice, and opportunity to be heard in his defense. Notice is therefore essential to the jurisdiction of all courts ; and the rule which requires that it be given to the party whose interests and rights are sought to be affected by judicial proceedings is as old as the law itself.    A judgment without notice given, without opportunity to be heard, possesses none of the attributes of a judicial determination ; it is simply judicial usurpation and oppression ; a' mere arbitrary edict, based upon an *ex-parte* statement and entered upon the records of the courts in defiance of the maxim *audi alteram partem.*    Such a judgment deserves not the name it bears and will not be respected and upheld in any *forum* where right and justice are administered. This doctrine is met with and approved at almost every turn you take in the broad fields of adjudication, and is announced by authorities too numerous for computation.    *Nations v. Johnson,* 24 How. 203 ; *Walden's Lessee v. Craig,* 14 Pet. 154 ; *Webster v. Reid,* 11 How. 437 ; *Galpin v. Page,* 18 Wall. 350 ; *Windsor v. McVeigh,* 93 U. S. 274 ; *Earle v. McVeigh,* 91 U. S. 503 ; *Pennoyer v. Neff,* 95 U. S. 714 ; *Rockwell v. Nearing,* 35 N. Y. 302 ; *Mason v. Messenger,* 17 Iowa, 261 ; Freeman on Judgts. [3 Ed.] secs. 117, 118, 495 ; *Hitchcock v. Aicken,* 1 Caine's Rep. 473 ; Blackwell on Tax Tit. 213.

But notice may be either actual or constructive, and the state possesses the power to substitute service by publication in lieu of personal service ; but such substituted service, when authorized or permitted by law, is as much an element of jurisdiction as is personal service where trial is the only method of service prescribed.    *In re Empire City Bank,* 18 N. Y. 199.    And proceedings *in rem* or *quasi in rem* are not exempt from the operation of the rule which makes service of notice in some form an essential of jurisdiction.

Cooley's Const. Lim. [2 Ed.] 498, 499, 500, and cas. cit. ; Wells on Jur., sec. 88 ; Wade on Notice [2 Ed.] secs. 1144, 1161 ; Waples' Proc. in Rem., secs. 88, 570, *et seq.*, and cas. cit. ; *Woodruff v. Taylor*, 20 Vt. 65 ; *Denning v. Corwin*, 11 Wend. 647 ; *Freeman v. Thompson*, 53 Mo. 196, and cas. cit.

Our statute in relation to proceedings where publication of notice is authorized as to non-resident or absent parties, requires that the court or clerk "shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit." R. S. sec. 3494. This section, of course, means that the *names* of such non-residents or absentees shall be *specified in the order*. In no other conceivable way could the order be " *directed* " to them. This view is enforced by section 3499, requiring certain things to be done where the names of parties whose interests are sought to be passed upon, are " unknown " to the institutor of the suit. The name of such non-resident party, or the proper excuse for not giving it is as essential to jurisdiction in any given case, as is the description of the property sought to be affected by the proposed judgment or decree ; and the necessity of such description will not be denied.

These premises being granted, it must needs follow that the judgment in the tax suit did not bind Daniel Troyer, as he was not a party thereto, and as he was not a privy in estate or otherwise with the defendant in such suit, the only rational conclusion which can be reached is that as to him such judgment was a nullity, and has, as to him and his heirs, no binding force or validity. Wells on Res Adjudicata, sec. 28, and cas. cit. ; Bigelow on Est. [3 Ed.] 95 *et seq. ;* Freeman on Judg. [3 Ed. sec.] 162.

Therefore, the judgment of the circuit court, holding the tax-suit proceeding invalid as against plaintiffs, is affirmed. All concur; RAY, J., absent.