[No. 6417.]

## EMPIRE RANCH AND CATTLE COMPANY v. COLDREN.

1. QUIETING TITL·—*Tender of Taxes not Required*—Paramount owner of land may have a bill to quiet title as against one claiming under a tax title, without tender of the taxes and statutory penalties—(119).

2. TAX DEED—*Sale to County*—A tax sale is commenced on the 19th of the month. Certain lands are offered on that and the succeeding day, and on the latter day are struck off to the county. The sale continues until and upon the 26th of the month. The sale and the deed thereunder are void—(120).

3. TAX SALE CERTIFICATE—*Assignment by County Clerk*—The County Clerk has no authority to assign a tax sale certificate after three years from its date (Mills Stat. Sec. 3888), and a deed issued upon such assignment is void—(121).

4. SUMMONS—*Service by Publication*—To confer jurisdiction of the person by constructive service of process the statute must be strictly complied with. Where the record shows such service

by publication only, upon an affidavit containing no positive aver-
ment of defendant's non-residence, no averment at all of defend-
ant's departure from the state or his concealment to avoid process,
nor of his post office address, the judgment is a nullity and may
be assailed even collaterally, by any one with whose rights it
conflicts—(121, 122).

The recitation in the judgment record that jurisdiction of
the defendant has been obtained is not conclusive where a view
of the entire record discloses the contrary—(122).

Where the record is entirely silent upon the question it will
be presumed in support of the judgment that the court proceeded
regularly, and that what ought to have been done was done;
but where an affidavit which attempts to show constructive
service of proof is found, it will not be presumed that some
other and different showing was made—(123).

The provision of the Code (Mills Code Sec. 44, Rev. Code
Sec. 50) that "from the time of the filing of the complaint
* * * the code shall be deemed to have acquired jurisdiction,"
has not the effect to confer jurisdiction of the person by the
mere filing of the complaint; to give it this construction would
render it obnoxious to both the federal and state constitution and
permit the taking of property without process, notice and day
in court. The provision merely confers jurisdiction of the subject
matter, not of the person—(122, 123).

5. EVIDENCE—*Presumptions*—Nothing appearing to the con-
trary it will be presumed that every officer performs his duty.
It being the duty of the treasurer to execute a certificate of
purchase to each purchaser, at the conclusion of the tax sale,
it will be presumed, the date of a certificate not appearing, that
it was executed at the conclusion of the sale mentioned therein—
(120).

*Appeal from Washington County Court*—Hon. C.
W. BALLARD, Judge.

Mr. R. H. GILMORE and Mr. J. C. GUNTER, for
appellant.

Mr. ISAAC PELTON and Mr. E. T. WELLS, for ap-
pellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court.

This is a suit to remove cloud from title. wherein

appellee was plaintiff and appellant was defendant. The complaint alleges that the plaintiff is the owner in fee of the land in dispute and entitled to possession; that defendant wrongfully claims to be the owner, under a treasurer's deed executed on February 20, 1901, and filed for record in the office of the county clerk of Washington county on the following day; that the deed was void because the land was stricken off to the county on the first day of the sale, although the sale continued long thereafter; and also because the certificate of purchase thereof was assigned to the defendant by the county clerk, on the 23rd day of January, 1901, more than four years after its issuance and delivery. The complaint also sets forth that on the 2nd day of July, 1902, the defendant falsely and fraudulently procured the entry of a judgment in the county court of that county, decreeing it to be the owner and in possession of the land, and adjudging the plaintiff to have no title, estate or claim thereto; that service of summons in that action was attempted to be secured by publication; that plaintiff was not informed of the pendency thereof until several years after the rendition of the decree, nor until within sixty days before the filing of this suit; that plaintiff had a meritorious defense to the action; that he was then and still is the owner in fee of the land; that defendant had no title to, or interest in, the land, save and except as herein set forth; that the affidavit, upon which the order permitting service of summons by publication issued, contained no statement that the defendant resided out of the state, or that the post-office address of the defendant was unknown, or any statement relating to his postoffice address; that said affidavit was wholly insufficient, under the statute, upon which to base an order for publication; and that the pretended judgment and decree, assuming to quiet title in the defendant to the land, was void and

of no force or effect.

The first defense put in issue plaintiff's claim of ownership to the land and right of exclusive or any possession thereof; admits that it claims title to the premises by virtue of the tax deed and decree mentioned in the complaint, but denies the invalidity of that tax deed and all allegations of fact tending to show it invalid; also denies all allegations of fraud, irregularity and illegality, in connection with the suit, in the affidavit for service of summons by publication, or in the proceedings leading up to the decree, and the invalidity of the decree itself.

The second defense is that plaintiff failed, before suit commenced or at all, to tender the taxes due and paid by it, for which the lands were sold, upon which sale the tax deed in question issued.

For a third defense, it is answered that the county of Washington, Colorado, is a body corporate and politic, with power to purchase and hold real estate for the use of the county, and to sell and convey any real or personal estate owned by the county, to make orders respecting the same, and to make all contracts and do all other acts in relation to its property and concerns necessary to the exercise of corporate or administrative powers. That on the 26th day of October, 1896, at the tax sale of property held for the collection of taxes for 1895, the premises described in the complaint were bid off by the treasurer for the county of Washington, after having been offered for sale the first day and re-offered on the next day, until the treasurer was satisfied that no sale thereof could be made, and a tax sale certificate of purchase was issued therefor to said county; that thereafter, in January, 1901, upon application of defendant to purchase the said certificate, the county sold it to the defendant and authorized the county clerk to make an assignment thereof;

and that thereafter a treasurer's tax deed, executed in manner and form as provided by law, was made and delivered to the defendant, and the same was on the 21st day of February, 1901, filed for record in the office of the county clerk and recorder. Also in this defense it was alleged, "That on the 21st day of July, 1902, a decree was entered in the county court of Washington county, Colorado, quieting in the defendant its title to the said premises under the foregoing deed."

Demurrers were filed to each the second and third defenses, which were sustained. The cause went to trial upon the issues made by the complaint and the first defense. Plaintiff had judgment, cancelling defendant's alleged tax title, and vacating, setting aside and holding for naught the decree of the county court purporting to quiet title in it. The defendant brings the cause here for review on appeal.

The proofs fix in plaintiff the fee simple title to the land. His ownership and right of exclusive possession are not debatable, unless, by virtue either of the tax deed or the former decree of the county court, defendant has drawn to itself title to, and right of possession of, the land.

The demurrer to the second defense, which alleged failure by plaintiff to tender the taxes paid by defendant, was properly sustained. That question is not an open one. It is settled by this court in the cases of *The Empire Ranch and Cattle Company v. Lanning,* 113 Pac. 491, and *The Empire Ranch and Cattle Company v. Bender,* 113 Pac. 494.

The third defense was wholly insufficient, and the demurrer was properly sustained to it. The defense shows affirmatively that the tax deed therein set out was issued on a certificate of sale to the county for land which was only offered on the first and second days of the general tax sale, namely, on the 19th and

20th days of October, 1896, and struck off to the county on the 26th of that month. There is no averment that it was offered on the intervening days of the sale, or that the day upon which it was struck off was the last days of the sale. In absence of such showing, a compliance with the requirements of the statute is not made out. The defense for these reasons was therefore hopelessly defective, and other matters raised thereby need not be considered.—*Charlton v. Kelly,* 7 Colo. App. 301; *Charlton v. Kelly,* 24 Colo. 273; *Charlton v. Toomey,* 7 Colo. App. 304; and *Bryant v. Miller,* 48 Colo. 192.

In connection with the third defense it was further alleged: "That thereafter, to-wit, on the 2nd day of July, 1902, a decree was entered in the said county court, quieting in defendant its title to the said premises under said deed." These matters may all be accepted as true, and still sufficient is not stated in this plea to affect the rights of plaintiff or put him to answer. It does not even appear therefrom that the plaintiff, or any one through whom he claims, was a party to that suit.

The two remaining questions are: First. Is the tax deed, upon which the defendant relies for title, good on its face? Second. Of what force and effect is the decree of July 2, 1902, of the county court, in favor of defendant, which attempts to quiet its title as against the plaintiff upon alleged service of summons by publication?

The tax deed shows the sale of the land to the county to have occurred October 26, 1896, and that the county clerk assigned the certificate to the defendant on January 23, 1901, more than four years after the sale and after the issuance of the certificate. It is the duty of the treasurer to make the certificate at the conclusion of the sale, and in the absence of a showing to the contrary it will be presumed that that

officer did his duty.   The clerk had no authority to assign the certificate after the lapse of three years, and the assignment was void.   An assignment was essential to issuance of deed.   A deed executed upon a void assignment is itself void and conveys no title. The tax deed is, therefore, upon its face, a nullity. *Lovelace v. Tabor M. & M. Co.*, 29 Colo. 226; and *Carnahan v. Sieber Cattle Co.*, 34 Colo. 257.

The decree of the county court of Washington County, purporting to quiet title in the defendant to the land in question, was entered on an attempted service of summons by publication.   To obtain an order for such service an affidavit to that end must show, among other things, that the defendant resides out of the state, or that he has departed from the state without intention of returning, or conceals himself to avoid service of process; it must also give his postoffice address, if known, or if unknown, show that fact.   The affidavit is barren of any direct statement of non-residence, and is silent on the question of the departure of the defendant from the state without intention of returning, or of his concealment to avoid service of process, and the matter of postoffice address is not mentioned.   The law is settled that to give the court jurisdiction the requirements of the statute must be strictly complied with.   It must contain the showing required by statute, and nothing excuses omissions or insufficient statement.   1 Black on Judgments, 2nd Ed., Sec. 232; *Trowbridge v. Allen*, 48 Colo. 419; *Clayton v. Clayton*, 4 Colo. 410; *Israel v. Arthur*, 7 Colo. 5; *Brown v. Tucker*, 7 Colo. 30; *O'Rear v. Lazarus*, 8 Colo. 608; *Beckett v. Cuenin*, 15 Colo. 281; *Slyph M. & M. Co. v. Williams*, 4 Colo. App. 345; and *Cheely v. Clayton*, 110 U. S. 701.

The foregoing defects in the affidavit are affirmatively disclosed by the record, and it thus appears that the affidavit is wholly insufficient to support an order

for publication. No jurisdiction of the person was acquired, and the judgment entered under such circumstances is a nullity. A void judgment is without force and is entitled to no respect whatever, and may be collaterally attacked by any one with whose rights and interests it conflicts. In this view it is immaterial whether the attempt to impeach the judgment was direct or collateral. The plaintiff was free to assail it either way. Where a court, which undertakes to try an action and render judgment, fails to acquire jurisdiction of the person, where as here that is essential, such judgment is void.

In *Trowbridge v. Allen, supra,* this court, speaking to this precise question, had this to say:

"When, however, the record does disclose that the court did not have jurisdiction of the defendant, the judgment is a mere nullity, and may be collaterally attacked by any person interested wherever and whenever it is brought in question.—1 Black on Judgments, § 278. In such cases the recitation in the judgment or decree itself, that jurisdiction of the defendant was obtained, is not conclusive of that fact, if the judgment roll or entire record of the case shows affirmatively to the contrary.—17 Ency. Law, 1082; 1 Black on Judgments, § 273."

It is urgently argued, that under section 44 of the code, which reads: "From the time of filing the complaint, or the service of summons in a civil action, the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings," the court acquired such jurisdiction of the cause and of subsequent proceedings that any order or finding thereafter made by it, including that of passing upon the sufficiency of the affidavit to warrant the order for service of summons by publication, was in the exercise of jurisdiction, and therefore, if wrong, made the judgment erroneous merely, not void, and thus subject

to attack in a direct proceeding only. We cannot consent to this contention, for followed to its logical conclusion it would permit of judgments being rendered upon the mere filing of the complaint, and make them impregnable of attack, except directly, because entered in the exercise of jurisdiction thus acquired. If the code provision must be given that construction, than it is clearly obnoxious to both the state and federal constitution, for such holding would permit the taking of property without due process, without notice, and without a day in court. The section must be given its common-sense and reasonable meaning, considered in connection with other provisions of the code. In this view, manifestly it means that the filing of a complaint gives the court jurisdiction of the subject-matter of the action, not of the person; otherwise what necessity for the issuance of summons at all, or service thereof, or of any affidavit to procure an order for constructive service? When the affidavit was filed, and an order for publication made, by the clerk, not by the court, those were but steps in acquiring jurisdiction of the person. The affidavit was the thing, indeed it was the only thing, when followed by a proper publication, which could give jurisdiction over the person and enable the court to make any order, or to do anything at all, to affect his rights or bind him. The affidavit was jurisdictional, and unless sufficient, gave the court no authority whatever.

If there were an entire absence from the record of an affidavit, that is, if the record were silent on this proposition, then it would be presumed, in favor of the judgment, that what ought to have been done had not only been done, but properly done.—*Van Wagenen v. Carpenter*, 27 Colo. 444; *Burris v. Craig*, 34 Colo. 383; *Farmers' Union Ditch Co. et al. v. Rio Grande Canal Co. et al.*, 37 Colo. 512; and *Mortgage*

*Trust Co. v. Redd,* 38 Colo. 458. Since, however, the record affirmatively shows what was done in the matter of filing an affidavit, it will not be presumed that something different or additional was done, for that would be to contradict, by presumption, a fact the existence of which is disclosed by a mere inspection of the record.—1 Black on Judgments, 2nd Ed., Sec. 277; *Galpin v. Page,* 18 Wall. 350; *Messinger v. Kintner,* 4 Bin. (Pa.) 97; *Blanton v. Carroll,* 86 Va. 539; *Penobscot R. Co. v. Weeks,* 52 Me. 456; *Dillard v. Central Virginia Iron Co.,* 82 Va. 734; *Pollard v. Wegener,* 18 Wis. 569; and *Hahn v. Kelly,* 34 Cal. 391.

The record itself shows that there was filed in the cause an affidavit, purporting to lay the foundation for an order for service of summons by publication, which affidavit is in fact wholly insufficient to give the court jurisdiction to proceed to personal judgment against the defendant, and there is, therefore, no room at all for presumption as to this matter, for the court is bound by the affirmative record showing. This court has already held, in effect, in *Trowbridge v. Allen, supra,* that recitals in the judgment and decree will not be permitted to control, where they contradict or conflict with matter which elsewhere affirmatively appear in the record.

The fundamental error of the court was in assuming jurisdiction, upon a record which affirmatively disclosed that jurisdiction of the person had not attached. Absence of legal service is jurisdictional. The right to attack a judgment collaterally for jurisdictional infirmity, that is, error in assuming jurisdiction, is definitely settled here.—*Wilson v. Hawthorne,* 14 Colo. 530; *Mortgage Trust Co. v. Redd, supra;* and *Great West M. Co. v. Woodmas of Alston M. Co.,* 12 Colo. 46.

The court acquired no more jurisdiction over the person, upon the filing of the complaint under section 44 of the code, than it did upon a like filing under the

provisions of the code as it formerly stood. This court has held in effect, times almost without number, that each step required to be taken by the code to give jurisdiction of the person, upon constructive service, must be taken in strict compliance with the requirements thereof, else the judgment rendered thereon is void, and this is precisely the situation in this case.

The judgment and decree is in all respects right, is fully warranted by the law and facts, and is, therefore, affirmed.

*Judgment affirmed.*

Decision *en banc.*

---

CHIEF JUSTICE CAMPBELL dissenting:

With the conclusion on that branch of the case which pertains to the decree of the County Court of Washington County I cannot agree. That the present attack thereon is collateral is plain; indeed, is not gainsaid. The decree is adjudged by this court to be void on the ground that defendant therein was not served with summons. An attempt, at least, to do so by publication was made, but this court says that the affidavit on which the order therefor was based does not conform to the pertinent code requirement. There is a well recognized distinction in the law applicable to direct and collateral attacks on judgments. When the attack is direct, evidence *dehors* the record to show lack of jurisdiction is permissible; when it is collateral, the record alone must be looked to. If, as the opinion says, the record *affirmatively* shows that no sufficient supporting affidavit for the order of publication was filed, then the conclusion inevitably follows that the decree based upon such attempted service is void. But it is just here that I take issue with the opinion. There

is a marked difference between an affirmative and a negative showing. For example, if this decree was being reviewed in an appeal therefrom, a direct attack, the certificate of the clerk of the trial court to the transcript would exhibit to the reviewing court every order made below, and every paper filed in the cause, and the authentication by the judge of the bill of exceptions would disclose all the evidence introduced. If no affidavit at all was included in the record, or an insufficient one for the order of publication was thus brought up, the reviewing court would necessarily hold the judgment void. This showing, however, would be a negative showing of its invalidity. If this was a suit in equity to set aside or cancel the decree because it was rendered without notice to defendant, evidence *dehors* the record to impeach it would be admissible, and if the proof was clear that what purported to be a sufficient affidavit found in the files was, as matter of fact, a forgery, or not filed until after the judgment was rendered, this would be an affirmative showing and would justify a cancellation. If, in this collateral attack, the recitals in the decree included in the record plainly and unquestionably identified the defective affidavit as the only one on which the order was granted, this would be an affirmative showing and sufficient to invalidate the judgment. But the case at bar, a collateral attack, is different from either of the ones supposed. Here the trial judge recites in the decree that an affidavit was filed containing the things which the code prescribes. A defective one is found in the files when, years later, the clerk authenticates the transcript. Evidently it was not the one recited by the judge, for they materially differ. We should, therefore, presume that the defective one was rejected and ignored and that subsequently a good one was filed on which the order was made, and that, in the lapse of time, it has been lost or mislaid. In the *Farmers*

*Union Ditch Company* case *supra* this court held that the entire absence from the files and record of a required affidavit is not, in a collateral attack on a judgment, an affirmative showing of its invalidity. By precisely the same reasoning, and on principle, the mere presence of the defective affidavit in this record is, at most, a *negative* showing, when, as here, the recitals and findings made by the trial judge in the decree declare that a required and sufficient statutory affidavit was filed. In the *Farmers Union* case this court indulged the presumption, in order to give verity to the decree, that a sufficient and proper affidavit was in fact filed, though at the time the record was authenticated no affidavit was found among the papers in the cause. In the case at bar this court, for the same reason, should now indulge the presumption that in addition to the defective affidavit found, another and sufficient one was seasonably filed upon which the order was based, in view of the recitals in the decree referred to. Certainly the positive findings of the trial court, which are embodied in the decree, are not, as a species of evidence, inferior to the negative showing resulting from the presence of a defective affidavit, or the absence of a proper one. There is nothing in this record which *affirmatively* shows that a proper and additional affidavit was not filed which the recitals in the decree say was presented to the court when it judicially determined that due service of summons by publication was made. Indeed the presence of this defective affidavit is not at all inconsistent with the fact that, at the appropriate time, another and good affidavit was filed on which the order was based. And, on this collateral attack, in order to give due credit and faith to a judgment of a court of competent jurisdiction, which the County Court of Washington County is in a case of this character, this court should say that the record now before it does not *affirmatively* show its in-

validity. The opinion overlooks, if it does not ignore, that different rules as to proof apply to direct and collateral attacks on judgments. It is directly contrary to the very cases from this court on which it purports to be founded, particularly to *Van Wagenen v. Carpenter, Farmers Union Ditch Co. v. Rio Grande Canal Co.,* and *Burris v. Craig* therein cited.

Decided June 5, A. D. 1911; rehearing denied October 2, A. D. 1911.

Mr. R. H. GILMORE and Mr. J. C. GUNTER for appellant.

Mr. ISAAC PELTON and Mr. E. T. WELLS for appellee.