[No. 7172.]

## MILLAGE V. RICHARDS, ET AL.

1. SUMMONS—*Service by Publication—Affidavit*—To support a judgment by default, upon mere publication of the summons, the affidavit to secure the order of publication must show, not only the non-residence of the defendant, but his post office address, or state that the same is unknown. To state merely that the residence is unknown is not equivalent to a statement that the post office address is unknown. (Rev. Code § 45.)—(514, 515).

A judgment entered upon service so had is without effect or validity, and no judgment at all.

It is not error in the court to vacate it at any time.

2. ——*Amendment of Affidavit*—Nearly four years after the entry of a final decree by default, upon mere publication of summons, the plaintiff applied for leave to amend the affidavit upon which the order of publication had been granted. Before this motion was heard the defendant, appearing specially, moved to vacate the judgment. The motion to amend the affidavit was held properly denied, in view of the circumstances—(515).

3. QUIETING TITLE—*Answer*—An answer to a bill to quiet title admitted the adverse claim of defendant, denied all the other allegations of the complaint, alleged that defendant was the owner of the land in fee simple, and in possession thereof, and that plaintiff's claim was based upon a void tax title. *Held,* sufficient—(516).

*Appeal from Phillips District Court.*—HON. H. P. BURKE, Judge.

Messrs. BENNETT & WALROD and Messrs. ALLEN & WEBSTER, for appellant.

Mr. ROBERT GIVEN, for appellee, Sanford Richards.

Mr. JUSTICE WHITE delivered the opinion of the court:

In November, 1903, appellant, as plaintiff, brought a suit to quiet title to a certain tract of land, under the provisions of the statute. The appellees were named as defendants therein. A summons was issued, placed in the hands of the sheriff for service, and the return showed that, "after diligent search, the within named defendant can not be found in my county." Thereupon summons by publication was had. The affidavit upon which the order for publication of the summons was based, failed to comply with the statutory provision as to the post-office address of the defendants, or that the same was unknown. The affidavit as to the publication of the summons was defective in certain particulars not necessary to name.

April 13, 1904, a default was entered against the defendants, and a decree rendered in accordance with the prayer of the complaint. Nothing further appears until March 9, 1908, when the plaintiff, by motion supported by affidavits, sought to have the affidavit upon which the order for publication of summons was based, amended to conform to the statutory requirements. A motion was also made to amend the affidavit of proof of publication of the summons, and likewise to amend the sheriff's return of service of summons. Thereafter, the cause was continued for the term.

May 11, 1909, Sanford Richards, one of the defendants named, appeared specially and moved the court to set aside the judgment, and to allow him to answer, for the reason that he was a defendant in the suit, and was the owner of the land described in the complaint; that no summons was ever served upon him, and the court acquired no jurisdiction over his person, and that by reason of the non-service of summons, the apparent judgment was a nullity.

The motions of plaintiff were denied, and that of defendant sustained. November 17, 1909, after answer filed, "the cause came on regularly for trial," the plaintiff and defendant Richards appearing by their respective attorneys, and the latter also in person. The plaintiff refused to offer any proof, and upon motion of defendant Richards, the cause was dismissed. From the judgment so rendered, plaintiff prosecutes this appeal.

The refusal of the court to permit the affidavit, upon which the order for publication of the summons was based, to be amended at the time and as requested, was proper, and in no wise constituted error. What the affiant knew or did not know, and might have stated in the affidavit, but did not, is wholly immaterial. The important thing is, what was or was not stated therein. An affidavit by a person authorized by law to make the same, and containing the statements required by statute, was an essential prerequisite to give the court jurisdiction to proceed.—*Trowbridge v. Allen,* 48 Colo. 419; *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115; 117 Pac., 1005.

It is contended, however, that as the affidavit contained the statement, that the place of residence of the defendants was unknown, it was, in legal effect, a statement that the post-office address of the defendants was

"not known to affiant." We do not think so. "A material distinction may exist between one's post-office address and his residence address; the former is where he receives his mail; the latter, where he resides." *People v. Newell*, 49 Colo. 349, 343. Moreover, by an inspection of the affidavit in the record of the case of *Empire Ranch & Cattle Co. v. Coldren, supra*, we find that it is therein stated, as in the affidavit here involved, that the residence of the defendant was unknown. We there held, *inter alia*, that as the affidavit did not mention the matter of post-office address, no valid service of summons by publication could be had.

As the Code of Civil Procedure limits the time in which courts may vacate and set aside their judgments to six months after the expiration of the term at which the same was rendered, in certain cases, and in others to one year after the rendition of the judgment, it is argued that the court exceeded its jurisdiction in setting aside the judgment rendered in favor of plaintiff, and permitting defendant to answer. The trial court apparently justified its action in this respect upon the theory that plaintiff, having filed a complaint, the action was commenced, and no jurisdiction having been acquired of the defendants, the apparent judgment entered was no judgment at all, and the case was, therefore, still pending. Whether the trial court was correct in this view, we do not deem it necessary to determine. It is certain that that which subsequently occurred in no wise prejudiced plaintiff. The judgment set aside, and of which complaint is made, was without force and effect, and entitled to no respect whatever. Having no vitality at any time, the court's declaration that it was invalid, injured no one. *Empire Ranch & Cattle Co. v. Coldren, supra*. Permitting defendant to answer was beneficial rather than detrimental to plaintiff.

Plaintiff had acquired no rights under the void judgment, and if the cause was ended, as he contends by virtue of such judgment, he could only acquire rights by the institution of a new suit; whereas, by permitting defendant to answer, plaintiff's cause of action was presently pending and the issues made. Under such circumstances, plaintiff certainly can not complain.

Moreover, while plaintiff objected to the action of the court in the premises, his appearance in the case was general, and thereafter, without objection, the cause was set for trial. The answer filed admitted the adverse claim of defendant, denied the other allegations of the complaint, alleged that plaintiff's claims were based upon a void tax title, and that defendant was the owner of the land in controversy in fee simple and in possession of the same. It is claimed in the brief that the answer constituted a denial only, and was wholly insufficient, and because thereof plaintiff refused to introduce any evidence at the trial and was entitled to judgment against such answer. We think the answer sufficient. It sets forth the nature of defendant's adverse claim, and asserts an interest in him, and lack of interest in plaintiff, which, if sustained by proof, would entitle defendant to relief in connection with the property, and comes clearly within the rule recognized in decisions of this court.

As the plaintiff was in no wise injured by the action of the court in the premises, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.