Hurlbut, J.
Action by appellee (plaintiff below) against appellant (defendant), to quiet title to land in Yuma county.
Complaint is in usual form, based upon sec. 255, Mills’ Annotated Code. Defendant filed answer and cross-complaint. Tbe former contained admissions and denials of the allegations in the complaint, and in addition set up title in himself under tax deed of January 15th, 1901; also pleaded the five-year statute of limitation, sec. 3904, Mills Annotated Statutes. The third defense pleaded the seven-year statute of limitations under claim and color of title in good faith and payment of all taxes for seven successive years — sec. 4090, R. S. 1908. The fourth defense pleaded res judicata based upon a judgment of the county cóurt in an action to quiet title to the premises, in which action defendant’s grantor, August Muntzing, was plaintiff and Richard Brooks et ah were defendants. The cross-complaint is substantially the same as the complaint with the exception of names. Plaintiff filed replication to defendant’s answer, admitting and denying new matter stated therein, and pleaded title to the premises by mesne conveyances from the United States government, her immediate grantor being *240 Richard Brooke, and also pleaded the invalidity of said tax deed and county court judgment.
The ease was tried to the court without the intervention of a jury,' and judgment rendered for plaintiff.
Error is predicated upon the refusal of the lower court to admit in evidence an exemplification of the record of the said county court judgment, said judgment being based upon substituted service by publication of summons. The action was begun in the county court by August Muntzing, plaintiff, against Richard Brooks et al., defendants, none of whom, unless it be Brooks, is shown to have ever been connected with the title to the property. The summons published was directed to Richard Brooks; the affidavit of publication recited Richard Brooks as one of the defendants; the order for publication of summons was directed to Richard Brooks; praecipe for default and judgment was asked against Richard Brooks, and the judgment itself was against Richard Brooks. So it appears that the entire proceedings in the county court were conducted against Richard Brooks et al., while the title to the premises appeared of record in the name of Richard Brooke, who was plaintiff’s immediate grantor. The record shows that the title to this property was originally patented by the government to Mathew Harr, who afterwards with his wife executed a deed of the premises to Richard Brooke.
The doctrine of idem sonans is, that where two names are spelled differently but sound alike in their pronunciation, they are to be regarded as the same. In our language the consonants” terminating the *241 letters of a name is seldom silent. If it appeafs as the last letter of a name the pronunciation thereof conveys to the ear an entirely different sound than that conveyed when the consonant is omitted. The converse is equally true.
Moore v. Allen, 26 Colo., 197, decided that it was fatal error in the trial court to admit in evidence a deed executed by Waldimar Arens, attorney in fact for the grantors, where it was shown that the power of attorney had been executed to Waltimore Arens. It was there claimed that Waltimore and Waldimar came within the doctrine of idem sonans. The court says:
“In the matter of names, orthography is not important if the sound is the same — Marr v. Wetzell, 3 Colo., 2 — and it is sufficient in law to spell a name as it is regularly or commonly pronounced (16 Ency. Law, 126). But here the difference in the two names is so marked that the attentive ear would find no difficulty in distinguishing between them, and the difference in spelling is such that necessarily the pronunciation is equally distinct. The proper rule to observe in applying the doctrine of idem sonans being, ‘that if two names, according to the ordinary rules of pronouncing the English language, may be sounded alike without doing violence to the letters found in the variant orthography, then the variance is prima facie at least immaterial and may be so decided by the court. ’
Applying this rule, it is at once apparent from an inspection of the orthography of the two names that in the absence of information other than thus obtained the variance is fatal.”
From 29 Cyc., 275, we extract the following:
*242 “Usually insertion or omission of a ‘t’ before the ending ‘son’ is held immaterial, as is also the omission or addition of a final ‘e,’ the two names being considered idem sonans, but the addition or omission of a final ‘s’ is usually held a fatal variance. ’ ’
Many cases are cited in support of the text, viz.: “Semon” and “Semons” in Semon v. Hill, 7 Ark., 70; “David” and “Davids” in Davids v. People, 192 Ill., 176; “Meyer” and “Meyers” in Gonzalia v. Bartelsman, 143 Ill., 634; “Wood” and “Woods” in Neiderluch v. State, 21 Tex. C. A., 320, are all held not to come within the rule of idem sonans, therefore fatal variances. Some of these cases are criminal and some civil, but in each case it is held that the doctrine of idem sonans does not apply.
It seems to be well settled that where the judgment is founded upon substituted service of summons the defendant’s name-must be correctly given in the notice. The doctrine of idem sonans, however, applies to records, such as judgments, dockets, etc., but in each of the next hereinafter cited cases the appellate courts held a judgment void based upon substituted service of process wherein it appeared that the published notice failed to correctly state the name of the defendant.
Troyer et al. v. Wood, 96 Mo., 478. Chamberlain v. Blodgett, Id., 482. Hubner v. Reickhoff, Exec., 103 Iowa, 368.
Viewing this case in the light of .these authorities, Richard Brooke and Richard Brooks cannot be considered idem sonans, and, there being no evidence as to Richard Brooks, mentioned in the county *243 court judgment, being the same person as Richard Broolce, plaintiff’s immediate grantor, the court ruled properly in excluding the county court judgment and files from evidence.
In support of title pleaded by defendant, he offered in evidence a tax deed which is set out in full in the abstract o'f record. The deed does not show the date of its execution by the treasurer, but the certificate of acknowledgment shows that he executed the conveyance on January 16, 1901. The property was purchased by the county at the tax sale. It was admitted at the trial that whatever' title Muntzing acquired under this deed had passed to and become confirmed in defendant at the time the deed was offered in evidence. This deed was objected to when offered, for the reason that it was void on its face, and the court sustained the objection. We think the ruling was correct. The deed was void upon its face.
Kit Carson Land Co. v. Gordon, 51 Colo., 115; 121 Pac., 1024. Empire Ranch & Cattle Co. v. Coldren, 51 Colo., 115; 117 Pac., 1005. Bryant v. Miller, 48 Colo., 192.
We observe that in neither of the briefs filed by appellant does he refer to the ruling of the court in exclnding the tax deed from evidence, hence we deem it unnecessary to make further comment thereon.
It seems from the record that the decree contains a finding that plaintiff was in the actual possession of the premises and also adjudges plaintiff to be in the actual possession thereof. Counsel for appellant complain of this, and assert that there was no evidence showing that plaintiff was in ac- *244 trial possession of tlie premises. This is true. It was admitted in the pleadings that the premises were vacant and unoccupied land, and there was no evidence whatever on behalf of either party that they were or had been in actual possession of the premises. The recital was an apparent inadvertence on the part of the trial judge, as there was no evidence to support the same in that behalf. We do not think, however, the decree is fatally defective for that reason. Plaintiff pleaded title in fee to the premises, and supported the same at the trial by government patent and sundry mesne conveyances thereafter. Defendant, having wholly failed to prove any title whatever to the premises or any possession thereof could not be prejudiced by the recitals alluded to. Plaintiff’s fee simple title proven at the trial implied constructive possession of the premises'.
The deed being void on its face did not set in motion the five years statute of limitations pleaded. Gomer v. Chaffee, 6 Colo., 316; Page v. Gillett, 47 Colo., 289. Defendant having failed to prove that he had paid all taxes legally assessed against the property for seven successive years, the defense of the.seven years statute of limitations pleaded was not sustained.
Finding no error in the record the judgment will be affirmed.

Judgment Affirmed.