Morgan, J.

On rehearing:

Appeal from a judgment of the Kiowa district court for defendant in an action foi; the possession of three separate tracts of land. Complaint filed February 24, 1909. Defendant recovered a judgment on the strength of a decree of said court, pleaded in defense, quieting his title, and made long prior to this action, in which the plaintiff’s immediate grantors were parties, with the exception that one grantor’s name, A. S. Deleplane, as to one of the tracts, appears in the judgment roll and in the pleaded decree as A. L. Deleplane; and with the further exception of the plaintiff’s grantor of Lots 1 and 2, and the east half of the northwest quarter of Section 7, Township 18, Kange 43, who obtained the title, after said decree was made,, by a valid tax deed.
An examination of the tax deed aforesaid discloses no defects on its face, and as no evidence was offered or introduced as to any defects without the deed, the court made no error in admitting it as valid. It was, no doubt, an oversight that the court afterwards rendered a judgment for defendant as to all the tracts involved.
Plaintiff’s title to the tract conveyed to him by A. S. Deleplane, who received a patent in the name of Albert S. Deleplane, is not affected by said decree, because the decree and the judgment roll including the publication of summons, disclose that the name used in every instance is A. L. Deleplane. The variance in the name of this defendant is too great to permit jurisdiction of the person, in this instance, in the absence of any appearance, and of any evidence on the subject, except the decree and the judgment roll, including the affidavit and publication *436 of summons. Although this is a collateral attack, the decree has no binding effect on plaintiff’s title, as the court had no jurisdiction of Deleplane, who held the title when the decree was obtained, and afterwards conveyed to plaintiff. — Empire R. & C. Co. v. Coldren, 51 Colo., 117, 122, 117 Pac., 1005.
Courts are cautious in permitting jurisdictions of the person where service is made by publication. The reports of this and other states are replete with decisions construing such statutes, and few disclose greater caution than the recent reports of this court and the supreme court.-Bloomer v. Cristler, 22 Colo. App., 238, 240, 123 Pac., 966; Norris v. Kelsey, 23 Colo. App., 555, 557, 130 Pac., 1088; Empire R. & C. Co. v. Coldren, supra; Millage v. Richards, 52 Colo., 512, 515, 122 Pac., 788.
The middle hame or initial in a person’s name has become quite material in modern times, especially as a distinguishing identification of the person. Many persons now have the same Christian, or given, name, and the same patronymic, family or surname, and it is by the middle name or initial only, in many instances, that the person may be distinguished or identified in writing.— Turner v. Gregory, 151 Mo., 100, 52 S. W., 234; German National Bank v. National State Bank, 3 Colo. App., 17, 19, 21, 31 Pac., 122; S. C., 5 Colo. App., 127, 39 Pac., 71; Wood v. Reynolds, 7 W. & S. (Pa.), 406; Bowen v. Mulford, 10 N. J. L., 230, 232; Terry v. Sisson, 125 Mass., 560, 561; Dutton v. Simmons, 65 Me., 583, 20 Am. St. Rep., 729; Esther Hutchinson’s Appeal, 92 Pa. St., 186.
There is no presumption that Albert S. and A. L. Deleplane, or that A. S. and A. L. Deleplane, are the same person. —State v. Higgins, 60 Minn., 1, 61 N. W., 316, 27 L. R. A., 74, 51 Am. St., 490; Bowen v. Mulford, supra; Dutton v. Simmons, supra.
It is realized and conceded that there is a long line of decisions, greatly preponderating in number over *437 those holding the contrary, that the law recognizes but one Christian name, and does not regard a middle name or initial as essential in designating a person; and, as an abstract proposition this is true, as indicated in the de-' cisions from Franklin v. Talmadge, 5 Johnson, 83, to Doane v. Glenn, 1 Colo., 495, 502, and Webster v. Heginbotham, 23 Colo. App., 229, 238, 129 Pac., 569.
Decided June 10, A. D. 1913.
Judgment affirmed after rehearing September 15, A. D. 1913.
This is especially true where, the identity is certain, or can be made certain by amendment and proof, and where the party is personally served or appears in the proceeding for any purpose. When this distinction is considered, together with the fact that in the present case service was made by publication, and the initials A. L. were used, and not the full Christian name, there is no conflict between these decisions and those relied upon for the conclusion reached herein. — Patterson v. Walton, 119 N. C., 500, 26 S. E., 43.
The further contention of appellant concerning the return of the summons has been disposed of against such contention in the case of Gibson v. Foster, No. 3673, recently decided by this court, ante, 252.
The judgment of the lower court is, therefore, affirmed, except as to Lots 1 and 2 and the east half of northwest quarter of Section 7, and the northwest quarter of Section 9, Township 18, Range 43. The judgment of the lower court is modified and affirmed, and the court is directed to enter judgment for the plaintiff as to these tracts, as prayed in.his complaint. The former opinion is withdrawn, and the foregoing substituted. Costs of both courts to be equally divided.

Affirmed as modified.