[No. 4830.]

## KNIGHT v. BORING.

1. **Appellate Practice—Action by One for the Benefit of All—Order Necessary—Presumption.**

Mills' Ann. Code, § 12, provides that when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, and the court may make an order that the action may be so prosecuted or defended. A complaint in an action by a single plaintiff recited that by reason of the number and diverse residences of the plaintiffs it was impracticable to bring them all before the court; and subsequently the court granted leave to file an amended complaint, and overruled a motion to strike and a demurrer to the same. Held, that, on appeal, it must be presumed that the court ordered that the action might be prosecuted by the plaintiff for and in behalf of himself and his alleged co-owners.—P. 158.

2. **Practice in Civil Actions—Pleading—Causes of Action Improperly Joined—Action to Quiet Title—Action to Remove Cloud—Demurrer.**

A complaint alleged that, through error, certain moneys paid by plaintiff to the county treasurer to redeem lands from tax sales were not credited to the taxes levied against such lands; and that the lands were sold by the county treasurer, and, by certain conveyances, one of the defendants, who acquired the rights of the purchaser, was claiming an estate adverse to the title of plaintiff and his co-owners. With this defendant were

joined the board of county commissioners, the treasurer of the county, and the persons to whom certificates of purchase had been issued. The relief sought was the correction of the errors in the treasurer's books and the cancellation of the certificate of sale, or the refunding of the money paid on account of taxes, and that the defendant claiming an estate be required to plead his claim or interest, and that plaintiff's title be quieted. Held, that a demurrer to the complaint on the ground that causes of action were improperly joined should have been sustained, as the complaint appears to contain a cause of action for the removal of a cloud and a cause of action to quiet title, as well as one to recover a money judgment.—P. 159.

3. Pleading—Amendment—Departure.

A complaint alleged that, through error, certain moneys paid by plaintiff to the county treasurer to redeem lands from tax sales were not credited to the taxes levied against such lands; and that the lands were sold by the county treasurer, and, by certain conveyances, one of the defendants, who acquired the rights of the purchaser, was claiming an estate adverse to the title of plaintiff and his co-owners. With this defendant were joined the board of county commissioners, and county treasurer, and the persons to whom certificates of purchase had been issued. The relief sought was the correction of the errors in the treasurer's books and the cancellation of the certificate of sale, or the refunding of the money paid on account of taxes, and that the defendant claiming an estate "be required to plead his claim, estate, or interest (if any he has), in said premises, that the same may be determined and the title of the plaintiff and his co-owners to said property be quieted." Later the action was dismissed as to all the defendants save the one claiming an estate, and an amended complaint filed, in which it was alleged that plaintiff and the others for whom he brought the action were the owners and in possession of such lands, claiming the same in fee simple, and that the defendant falsely and without right was claiming an interest in such property adverse to the title of plaintiff and his co-owners; and praying that he be required to set forth the nature of his claim, and that the title of plaintiff and his co-owners be declared valid and quieted. Held, that, although the original complaint, if it did not contain the concluding paragraph quoted, might be regarded as one to remove a cloud, still, as drawn, the defendant would have been permitted to offer evidence of any title in him to defend the claim of plaintiff, the same as under the amended complaint, and, therefore, the cause of action was not changed; nor was

the burden of proof changed in order to recover the taxes paid if the tax deed were declared invalid, as the presumption of regularity, which attaches to the acts of officers whose duty it is to issue tax deeds, places the burden of proving the invalidity of the deed upon the person attacking it.—P. 160.

4. Appellate Practice — Pleading — Amendment — Departure — Prejudicial Error.

Where the purpose of an original complaint was to remove the cloud caused by a tax deed, and the amended complaint was one to quiet title, and the answer of the defendant showed that he relied altogether upon such tax deed, the defendant is not injured and cannot complain on appeal, even though, technically considered, a different cause of action is stated in the amended complaint.—P. 160.

5. Pleading—Quieting Title—Complaint—Sufficiency.

A complaint to quiet title alleged, first, that plaintiff brings the suit on behalf of himself and approximately fifty other persons who are co-owners of a certain mining claim; and, second, that ever since a given date plaintiff and his co-owners have been and now are in possession of said mining claim, claiming title thereto in fee simple. Held, that such complaint is not objectionable on the ground that it does not state a cause of action, in that plaintiffs fail to allege ownership of the property but only "claim" it, as the second allegation does not limit the first, but is merely an allegation as to the character of plaintiffs' possession.—P. 161.

*Error to the District Court of San Juan County. Hon. Jas. L. Russell, Judge.*

Action by C. O. Boring against S. C. Knight. From a judgment for plaintiff, defendant brings error.                    *Affirmed.*

Messrs. BARNES & BARNES, for plaintiff in error.

Messrs. STORY & STORY, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

The plaintiff (defendant in error here) alleges in his complaint that he brought suit for himself and fifty other persons, owners of the Columbus lode,

survey No. 153, Eureka Mining District. He further alleges that, through error, certain moneys paid by him to the county treasurer to redeem said lode claim from tax sales were not credited to taxes levied against the said lode, but the said lode claim was sold by the treasurer and a tax deed issued therefor to one Hollis; that Hollis thereafter quitclaimed to one Hanson whatever interest he had acquired in said property under said treasurer's deed; that said Hanson thereafter quitclaimed all his right, title and interest in said property to the defendant, S. C. Knight, who is now falsely and without right claiming an estate in said property adverse to the title of plaintiff and his co-owners. With the defendant, Knight, were joined as defendants the board of county commissioners, the treasurer of the county, and the persons to whom certificates of purchase had been issued. The relief sought was the correction of the errors in the treasurer's books, the cancellation of the certificate of sale; or, if the court refused that relief, the refunding of the money paid on account of taxes; also that the defendant, Knight, be required to plead his claim, estate or interest in said premises, that the same may be determined and the title to the plaintiff and his co-owners to said property be quieted. A demurrer on the ground, among others, of a misjoinder of causes of action—''That there is joined in the complaint an action to set aside a tax deed and to quiet title, and an action to recover money paid for taxes''—was interposed. It was overruled, and defendant answered. After portions of the replication were stricken on motion, the plaintiff dismissed as to all the defendants except Knight, and an amended complaint was proffered, in which the plaintiff stated in substance as follows: (1) That he brings the suit on behalf of himself and approximately fifty others,

who are co-owners with him of the Columbus lode, describing it. (2) That ever since May, 1885, plaintiff and his co-owners have been, and now are, in possession of said mining claim, claiming title thereto in fee simple. (3) That defendant falsely and without right claims an interest in said property adverse to the title of plaintiff and his co-owners; and praying that Knight be required to set forth the nature of his claim, that the defendant be adjudged to have no interest in the premises, that the title of plaintiff and his co-owners be adjudged to be good and valid, and quieted; and that the defendant be enjoined from asserting any claim to the premises, and for general relief. The court permitted it to be filed.

The defendant objected to and opposed the filing of the amended complaint upon the grounds, among others, that no showing had been made, and that the three paragraphs of the complaint are identical with certain paragraphs of the original complaint. The protest was overruled, and plaintiff was allowed to file his amended complaint. Motion to strike the complaint upon substantially the grounds set forth in the protest was overruled. A demurrer upon the grounds that the complaint does not state a cause of action, and that the cause of action set forth in the amended complaint is a departure from that of the original complaint, was overruled. The defendant elected to stand upon the demurrer; default was entered against him, and subsequently the plaintiff offered proof in support of his title. The court entered a decree and judgment as prayed for in the complaint. The case comes here by writ of error.

It is first contended that the plaintiff was not granted permission to prosecute the suit for and in behalf of the alleged co-owners. No order of court

was entered granting permission, and counsel claim that such an order is required, and that, unless such an order is made, the court has no jurisdiction to proceed. Section 12 of the Code of Civil Procedure provides that, when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, and the court may make an order that the action may be so prosecuted or defended. The plaintiff recited, in his complaint, that, by reason of the number and diverse residences of the plaintiffs, it was impracticable to bring them all before the court. The court granted leave to file the proffered amended complaint. A motion to strike it was denied, and a demurrer was overruled, and we must presume that the court ordered that the action might be prosecuted by the plaintiff for and in behalf of himself and his alleged co-owners.

The defendant insists that there is a departure in the pleadings—that the cause of action stated in the amended complaint is not the same as that stated in the original complaint, and that a plaintiff is not permitted to change his cause of action by amendment. It is said that the action in the original complaint is to remove a cloud from the plaintiff's title, and that the amended complaint is an action to quiet title. The distinction between these causes of action is well understood; and, if the plaintiff has changed his cause of action from one to remove a specific cloud to one to quiet title, the defendant's contention must be sustained.

We are of opinion that the cause of action has not been changed. It is conceded that the original complaint contained the necessary averments of an action to quiet title, but it is claimed that other averments restricted the action to a specific tax deed, and

that the action was brought, not to quiet title, but to remove the cloud cast upon the plaintiff's title by a particular instrument. We must say that the complaint is not drawn artistically, regarded either as containing a cause of action for the removal of a cloud, or as containing a cause of action to quiet title. It appears to join both causes of action, as well as one to recover a money judgment, and the demurrer to the original complaint should have been sustained upon the ground that causes of action were improperly joined. But that defect was cured by the subsequent dismissal and the filing of a new complaint. The defendant appears to have regarded the action against him as one to quiet title; for his demurrer to the complaint was based upon the ground that the cause of action against him was to quiet title, and that such cause of action was improperly joined with one against the other defendants to recover money paid for taxes. In the case *Messenger v. Northcutt,* 26 Colo., at page 529, this court said: "It has been held to be a fair test, in determining whether a new cause of action has been alleged by amendment, to inquire if a recovery had upon the original complaint would be a bar to one under the amended pleading, or if the same evidence would support both, or if the same measure of damages is applicable."

The allegations concerning Knight are, that he received a quit-claim deed from one Hanson, by which Hanson conveyed all his right, title and interest in the property to Knight, and that Knight "is now falsely and without right claiming an estate in said property adverse to the title of plaintiff and his co-owners." The complaint concludes: "That the defendant, S. C. Knight, be required to plead his claim, estate or interest (if any he has) in said prem-

ises, that the same may be determined and the title of plaintiff and his co-owners to said property quieted." The concluding paragraph is an invitation to the defendant to plead any title or claim he may have to the property in question. And, although the complaint, if it did not contain this concluding paragraph, might be regarded as one aimed at a particular instrument as affecting the plaintiff's title, still, under the complaint containing both paragraphs, the defendant would have been permitted to offer evidence of any title in him to defeat the claim of the plaintiff. In his answer, the defendant pleaded his title through tax deed, and in the replication the plaintiff pleaded facts tending to show that the title pleaded by the defendant was void. The defendant says the burden of proof is shifted in the amended complaint. We think not. The order of proof may be changed, but not the burden. The presumption of regularity which attaches to the acts of those officers whose duty it is to issue tax deeds places the burden upon the person attacking the tax deed, except upon grounds other than those mentioned in section 3902, Mills' Annotated Statutes, to show its invalidity. We are of opinion that, under either complaint, the defendant, Knight, could have shown any title he possessed, whether derived from the county treasurer or otherwise, to defeat the claim of plaintiff, and that the plaintiff was not required to set out his own title nor that of the defendant, but that he could allege ownership in himself and require the defendant to show his title. For another reason the defendant, we think, cannot complain. The answer of the defendant shows that he relied altogether upon his tax title. If the purpose of the original complaint was to remove the cloud caused by the tax deed, and the amended complaint

was a complaint to quiet title, the defendant, as his only claim to title is through the tax deed, is not injured and cannot complain, even though, technically considered, a different cause of action is stated in the amended complaint. As an additional reason for his claim that a different cause of action is stated in the amended complaint, counsel say that, had the tax deed been declared void, the defendant, Knight, would have been entitled to reimbursement under section 3904 of Mills' Annotated Statutes. The holder of a void tax deed, if he is entitled to be reimbursed under the section of the statute referred to, is entitled to reimbursement, whether the action brought against him is styled one to remove a cloud or one to quiet title; otherwise, the statute would be a dead letter, and would afford no protection to purchasers at tax sales, and the very purpose of the law be defeated.

Finally, it is contended that the amended complaint does not state a cause of action, in that it fails to allege ownership of the property in the plaintiffs, but alleges that plaintiffs "*claim*" a fee simple title. The allegations of the complaint bearing upon this branch of the case are: "Plaintiff states: 1. That he brings this suit on behalf of himself and approximately fifty other persons, who are co-owners with him of the Columbus lode mining claim. * * * 2. That, ever since the month of May, 1885, plaintiff and his co-owners have been and now are in possession of said mining claim, claiming title thereto in fee simple."

The first allegation is, we think, a sufficient assertion of title. The second does not, we think, limit the first, but is merely an allegation as to the character of plaintiffs' possession.

We cannot recommend these allegations as a form to be used in such cases, but we cannot reverse

the case upon this technicality without denying justice.

For the reasons given, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.