[No. 7583.]

## MUNSON v. KEIM.

1. LIMITATIONS—*Cloud Upon Title*—Sections 4072, 4073, 5733, Revised Statutes have no application to a bill to remove a cloud upon title.

2. TAX TITLES—*Void Deed—Irregularity in Proceeding*—Where upon bill to remove a cloud upon title defendant relies upon a tax deed not aided by any statute of limitations plaintiff may assail it for invalidity upon its face, or by evidence *de hors* the record of fatal defects in the proceedings, antedating the sale.

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

MUNSON & MUNSON, for appellant.

ALLEN & WEBSTER, for appellee.

CHIEF JUSTICE CAMPBELL, delivered the opinion of the court:

The action was for the purpose of removing clouds from plaintiff's title. The only defense upon which defendant relies on this appeal is a tax deed, which he says has ripened into a perfect title under three different statutes of limitation, which he pleads as separate defenses. The plaintiff, claiming upon the trial that the tax deed relied upon is void upon its face, and that the limitations statutes are not pertinent, sought to introduce evidence *de hors* the record to show that, in several essential requirements of our statutes relating thereto, the deed was fatally defective, but the court rejected the offer and gave judgment for defendant.

This court, in the case of *Munson v. Marks,* 52 Colo. 553; 124 Pac. Rep. 187, has practically settled every question involved in this appeal. Under that decision it is immaterial whether or not the tax deed relied upon by defendant is void on its face, and, as that point is up for decision in another case not yet argued, we withhold expression of opinion upon it. We say, however, that this question is immaterial here, for we have held, in the *Munson* case just cited, that the three statutes of limitation relied on by defendant, namely, sections 4072, 4073, and 5733, of the Revised Statutes of 1908, are inapplicable to an action to remove a cloud from title. The three separate pleas based upon these three separate sections of the statute, the establishment of one or all of which was essential to plaintiff's defense, are, by this decision, not good. As the tax deed is not aided by either of the limitation acts pleaded, it is subject to attack either because of defects appearing on its face, or by reason of some irregularity of the ministerial acts preceding its execution. The court should have permitted proof by defendant to show the invalidity of the deed, if indeed it is not void upon its face, by reason of matters outside the record.

The judgment is therefore reversed and the cause remanded for a new trial, in accordance with the view herein expressed.                    *Reversed and Remanded.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.

Decided October 7, A. D. 1912. Rehearing denied November 11, A. D. 1912.