[No. 3480.]

STEPHENS-WILMOT CO. v. HOWELL.

1. TAX TITLES—*Void Deed.* A treasurer's deed which shows upon its face that it is based upon a sale of the land to the county made on the first day it was offered is void.

So, a deed based upon a sale to the county, and an assignment of the certificate by the county clerk more than three years after its date

2. LIMITATIONS—*Color of Title*. A tax deed which has not been of record for seven years preceding an action by the original owner for the recovery of the lands does not support a plea of the seven years statute of limitations.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

*Per curiam.*

Action in ejectment; complaint in the ordinary form. The answer consists of a general denial, and a plea of the seven year statute of limitations pertaining to vacant and unoccupied lands. The replication consists of specific denials. Judgment went for appellee Howell, who was plaintiff below. The record in this case is similar to, if not precisely like, that in *Empire Ranch and Cattle Company v. Howell,* our number 3477. Plaintiff's title rested upon trustee's deeds emanating from the foreclosure, in some instances, of first, and in others, of second trust deeds, there being some five tracts of land involved in the action. Plaintiff's title was sufficient to maintain the action. To support its title the defendant corporation introduced an original and a correction tax deed, both based on the same tax certificate. This tax certificate was originally issued to the county and by the county clerk assigned more than three years after the date thereof. This fact appears on the face of the original tax deed introduced by the defendant, and is not negatived by the correction tax deed. The tax deeds also show on their face that the land in question was bid in by the county on the first day it was offered for sale. For these reasons the tax deeds were void on their face. Neither of them had been of record for seven years,

therefore, they were properly excluded by the trial court and the judgment must be affirmed.          *Affirmed.*

Decided November 11, A. D. 1912.   Rehearing denied December 16, A. D. 1912.