[No. 3485.]

## EMPIRE RANCH & CATTLE CO. V. COLEMAN.

1.  DEED OF TRUST—*Appointment of Substitute Trustee—Recitations of Trustee's Deed.*  The doctrine of *Empire Co. v. Howell*, 22 Col. Ap. 584, and *Empire Co. v. Stratton*, 22 Col. Ap. 576, reiterated.

2.  TAX TITLES—*Void Deed.*  A treasurer's deed which shows the sale of several non-contiguous parcels of land for a gross sum; or that, upon sale to the county, the certificate was assigned by the county clerk more than three years after its issuance; or which, the county being the purchaser, fails to show that the land was offered from day to day until the last day of the sale, is void on its face.

3.  JUDGMENT—*Record Entry as Evidence.*  Where a judgment is relied upon to show title, the judgment roll must be produced.  The mere record entry of the final judgment or decree is, of itself, not admissible.

4.  COUNTY COURT—*Void Judgment—Effect.*  Where upon the face of the record of a judgment of the county court it affirmatively appears that the court was without jurisdiction, the district court may declare it void, upon collateral attack.  But where the mere record entry is produced, without the roll, and there is no affirmative showing of the want of jurisdiction, while the record may be excluded as a piece of evidence, the district court is without authority to declare it null upon collateral attack.

*Appeal from Yuma District Court.*  HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

KING, J., delivered the opinion of the court.

This was an action in the nature of ejectment.  The judgment was in favor of plaintiff, adjudging that she was the owner in fee simple and entitled to possession of the northwest quarter of section 13, township 5 north, range 48 west, in Yuma county, Colorado, and that defendant had no right, title or interest in the lands.  It further adjudged that defendant's tax deed, recorded in book 28 at page 163 of the records of said county, con-

veyed no title; that a certain decree of the county court, recorded in book 29 at page 121 of said records, was null and void, and that the said treasurer's deed and the said decree be set aside, annulled and for naught held forever.

Plaintiff deraigned title from the United States. Her title depended upon a trustee's deed executed by a substituted trustee pursuant to the terms of a deed of trust given by the patentee of said lands. The deed of trust, the appointment of a substitute trustee or successor in trust, the trustee's deed and the objections thereto are substantially the same as considered in *Empire Ranch & Cattle Co. v. Howell*, No. 3411, 22 Colo. App., 584, and in *Empire Ranch & Cattle Co. v. Stratton*, No. 3407, 22 Colo. App., 576, and the reason and authorities sustaining the sufficiency of such trustee's deed, in the absence of evidence overthrowing its *prima facie* showing, are there given and collated by Judge Cunningham, and no good purpose would be served by repeating them here.

Defendant, as evidence of its paramount title, offered two treasurer's tax deeds, the first dated January 20th, 1902, and the second, a correction tax deed, dated June 25th, 1908, more than seven months after the beginning of the suit. The first tax deed was void on its face, as it showed a sale of several non-contiguous tracts of land *en masse* for a gross sum, and the assignment of the certificate of purchase by the county clerk more than three years after the issuance of said certificate, and failed to show that the land was offered from day to day until the last day of the sale before being stricken off to the county. The correction deed was also void for some, though not all, of the reasons hereinbefore mentioned as applying to the first. Defendant offered in evidence, presumably as an adjudication of the subject matter and as an estoppel, a decree of the county court purporting to quiet title in the said defendant. The judg-

ment roll was not offered as a foundation for, or in support of, the said decree, and upon objection the decree was excluded.   The exclusion of the decree upon plaintiff's objection is sustained by the authority of *McLaughlin v. Reichenbach,* 122 Pac. (Colo.), 47.   If not offered for the purpose named, it was not admissible at all.

Counsel for appellant objects to the decree of the court in so far as it annulled the tax deeds and held void the county court decree.   So far as the objection pertains to the tax deeds this court has repeatedly decided adversely to appellant.   There is no doubt as to the right of the district court to hold a county court decree void on a collateral attack, provided it affirmatively appears from the judgment roll that the judgment was void for want of jurisdiction in the county court.—*Empire Ranch & Cattle Co. v. Coldren,* 51 Colo., 115.   But we think that where, as in the instant case, the decree of the county court, regular on its face, containing recitals which, if true, would give the court jurisdiction to pronounce the decree, is rejected when offered as evidence of title, and as an estoppel, for the sole reason that the judgment roll was not offered to support it—in other words, the decree is excluded for want of competent and sufficient evidence to show that the court had jurisdiction of the parties, instead of for the reason that an affirmative showing has been made that the court had not jurisdiction to render the decree—the court was without authority to adjudge the decree null and void, and the judgment should have been limited to holding the said decree of no force or effect as against the plaintiff's title.   A decree that is not affirmatively shown to be void should not, upon a collateral attack, be so adjudged.

We will not search the record nor enter into the field of conjecture to ascertain whether a judgment so repugnant to legal principles is or may be prejudicial in this

case. The decree was appellant's property, of which he may not be deprived without due process of law. Suppose the instrument in question had been a warranty deed duly executed, acknowledged and delivered by plaintiff's grantor, conveying the same, or the same and other, property to appellant, and senior to appellant's deed, but unrecorded, and of which plaintiff had no knowledge or notice, and for that reason unavailing as against his title; or, duly executed and delivered but not acknowledged, and therefore incompetent and insufficient as evidence; would it be contended that, without further proof, the court could adjudge the instrument void and order it cancelled and annulled? It was appellant's privilege to rest its case on the naked decree, and plaintiff's right, if within the issues, to offer the judgment roll to defeat the decree, but having failed so to do, she cannot insist on the judgment of annullment. The judgment appealed from should be so modified in respect to the county court decree as to conform to the views hereinbefore expressed. Inasmuch as the tax deed adjudged to be void and held for naught, described many parcels of land not in litigation in this suit, the judgment should also be so modified as to limit its application to the land mentioned in the complaint, and the trial court is directed to make such modifications upon motion of appellant. As modified the judgment is affirmed.