[No. 3648.]

### CALLAHAN ET AL. V. REINHARDT.

1. TAX TITLES—*Void Deed.* A tax deed which shows upon its face that non-contiguous lands were sold to the county for a gross sum, is void.

So, the county being the purchaser, if it appears that the certificate was assigned by the county clerk more than three years after the date of the sale.

2. —— *Limitation.* The five years' statute of limitations (Rev. Stat., Sec. 5733) is no bar to an action to quiet title. A void deed does not set the statute in motion.

3. —— *Payment of Taxes.* One claiming vacant lands must, in order to avail of the seven years' limitation (Rev. Stat., Sec. 4090) show that seven full years intervened between the first payment of taxes and the institution of the action, of the paramount owner.

*Appeal from Logan District Court.* HON. H. P. BURKE, Judge.

Messrs. McCONLEY & HINKLEY, for appellants.

Messrs. MUNSON & MUNSON, for appellees.

MORGAN, J.

Appeal from a judgment for plaintiff in an action to quiet title to one-half of a quarter-section of land. The judgment is affirmed upon the authority of the following citations.

A tax deed is void on its face if non-contiguous tracts of land are sold *en masse* for a gross sum, even when bid in by the county; or if the county clerk assigns the certificate of purchase more than three years after the sale.—*Fleming v. Howell,* 22 Colo. App., 382, 125 Pac., 551; *Stephens-Wilmot Inv. Co. v. Howell,* 23 Colo. App., 396, 128 Pac., 476; *Empire Ranch & Cattle Co. v. Coleman,* 23 Colo. App., 351, 129 Pac., 522.

The five years statute of limitation, limiting the time within which an action shall be commenced to recover land sold for taxes, is no defense in an action to quiet title, nor does it apply where it is based upon a tax deed void upon its face.—*Empire Ranch & Cattle Co. v. Mason,* 22 Colo. App., 612, 126 Pac., 1129; *Munson v. Keim,* 53 Colo., 576, 127 Pac., 1026; *Dimpfel v. Beam,* 41 Colo., 25, 91 Pac., 1107; *Page v. Gillett,* 47 Colo., 289, 107 Pac., 290; *Bloomer v. Cristler,* 22 Colo. App., 238, 123 Pac., 966; *Fleming v. Howell, supra.*

Seven full years must intervene between the first payment of taxes and the commencement of the action, to avail a defendant pleading the seven years statute of limitations in the case of vacant and unoccupied land.—*Empire Ranch & Cattle Co. v. Howell, ante* 154, 131 Pac., 798; citing *Empire Ranch & Cattle Co. v. Howell,* 22 Colo. App., 584, 126 Pac., 1096.

                                               *Affirmed.*