Morgan, J.
The pleadings and the facts involved herein are similar to those in the case of Lougee et al. v. Wilson, No. 3581, just decided, and the opinion in that case determines this appeal. However, appellant interposes herein *84 one contention not advanced on that appeal — that the plaintiff ought not to be permitted to invoke the authority of a court of equity to quiet his title as to a deed which he alleges is void on its face. Our code provides that:
“An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate therein adverse to him, for the purpose of determining such adverse claim, estate or interest.” — §255, Mills Ann. Code.
Under this code provision a plaintiff may, as Mr. Pomeroy says, “.compel his adversaries to come into court and assert their title.” If a defendant’s claim so asserted should be void on its face, the judgment may quiet plaintiff’s title as to such claim, and it is not necessary that the judgment should set aside the instrument upon which the claim is based or remove the cloud, if any, created thereby. A decree in spell an action is sufficient if it states that the plaintiff’s title is quieted as to such instrument, without further recitals.
This court and the supreme court, however, in many recently adjudicated cases, have recognized the right of a plaintiff, under this code provision, to set aside a tax deed, void on its face, although in those cases this question may not have been directly considered. — Empire R. & C. Co. v. Coldren, 51 Colo., 115, 117 Pac., 1005; Munson v. Keim, 53 Colo., 576, 127 Pac., 1026; Inman v. White, 21 Colo. App., 427, 122 Pac., 65; Kit Carson Co. v. Rosenberry, 21 Colo. App., 439, 122 Pac., 72; Terry v. Gibson, 23 Colo. App., 273, 128 Pac., 1127.
All of the authorities relied upon by the appellant involve actions in equity to remove a cloud .wherein it became the duty of the plaintiff to allege in his complaint, in many instances, the nature and kind of instrument that constituted the cloud. Those cases are not directly applicable here, notwithstanding it has been held that *85 our code action to quiet title is but a recognition of the old chancery proceeding of a similar nature. — Wall v. Magnes, 17 Colo., 476, 30 Pac., 56. It has never been held that the pleadings and the practice under the suit in equity to remove a cloud are the same as in this action.
Under this code provision, however, the cancellation of an instrument, or the setting aside of a deed, is an incident to the relief granted, rather than the primary object and purpose of the action. The purpose of the action is to quiet a plaintiff’s title as to adverse claims made by certain persons against whom the action is commenced, to require them to come into court and plead the title upon which their claims are based; and, although the plaintiff, in a replication, alleges that such claims are void on the face thereof, and although the court may conclude, after an examination, that such allegation is true, such fact does not prevent the plaintiff from obtaining the relief sought, although the effect is to set aside a void deed, as the very object of the action is to have the validity of such claims determined.
Appellant says its void tax deed did not cast any cloud on plaintiff’s title, and therefore it should not be “ dragged into a court of equity” to have a cloud removed-that is no cloud. This might be true, under many authorities, if its claims were as noiseless as its title, and if this had.been a direct suit in equity to remove such a cloudless cloud as defendant would have its deed considered; but this action is the code action to quiet the title as to defendant’s adverse claims, and to render them as void and harmless as the basis thereof. Therein lies the efficiency of this code provision, and the extent of the remedy provided. This remedy in equity has been greatly extended by statute. — Pomeroy’s Code Remedies, §266.

Judgment Affirmed.