[No. 7754.]

DENVER TRACKAGE & IMPROVEMENT COMPANY v. COLORADO & SOUTHERN RAILWAY COMPANY.

1.  BOUNDARIES—*Tax Deed*, does not pass title to premises not within the description.  (317)

2.  LIMITATIONS—*Color of Title.*  A deed is color of title only to the premises described therein.  (318)

The premises in controversy are marked A in the following plat.  Those which the court found were described in the tax deed are marked B.

The line "A—B," is the line drawn by the assessor as mentioned in the opinion.

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Messrs. THOMAS & THOMAS, for plaintiff in error.

Mr. E. E. WHITTED, Mr. A. S. BROOKS, and Mr. F. M. STUART, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

A dispute having arisen between the parties to this proceeding over the ownership of a tract of land, plaintiff in error brought an action to enjoin defendant in error from taking possession of the property, and to quiet title. The judgment was in favor of defendant, declaring it to be the owner of the premises and entitled to the possession thereof.

Plaintiff deraigned title through a tax deed, from which it appears the tract was assessed, sold for taxes and conveyed by the tax deed under the following description: "That part of block 2, not subdivided, lying southeast of lot 21 and north of the line of the Congres-

sional Grant, in block 2, in Kasserman's Addition to the City of Denver."

Defendant deraigned title by deed containing the following description: "Beginning at a point where a line drawn through the center of the easterly pier of the Fifteenth Street bridge intersects the line of Fifteenth Street on the south side, and running thence in a line at right angles to Fifteenth Street to a point where said perpendicular to Fifteenth Street intersects the south line of Section 28, Township 3 South, of Range 68 West: thence from said point of intersection with said south line of said Section 28 to the intersection of said south line with the said south line of Fifteenth Street; thence along said south line of Fifteenth Street to the point of beginning."

Both deeds appear to be regular and valid, and the crucial question is whether the description in each covers the same tract. If they do, plaintiff is the owner of the tract involved, and entitled to its possesion, otherwise not.

In February, 1871, Steven D. Kasserman was the owner of the E. ½ of the S. W. ¼ of Section 28, Township 3, South, Range 68 West, which, according to the plat on file in the office of the County Clerk of the City and County of Denver, he laid out and platted into lots, blocks, and unsubdivided portions, under the name of Kasserman's Addition to the City of Denver. The South Platte River runs diagonally across the southeasterly portion of the 80 in question, and the tract in dispute lies south of the river. The land conveyed by defendant's deed is definitely described by metes and bounds, without reference to lot, block or addition. The description in the deed of plaintiff is also definite, and embraces the tract in dispute, if block 2 extends across the river to the line of the Congressional Grant. So that the question

upon which the rights of the parties must be determined is to ascertain the southerly line of block 2. It is clear from the plat that all blocks platted east of 15th street, which runs through the addition, only extend to the northwest or left bank of the river, that is to say they are wholly located on the north side of the river, and we think from the same source it is equally clear that the south boundary line of block 2 is the same as the other blocks, namely, the northwest or left bank of the .river, and does not include any land on the south side of the river, because it appears from the plat that the left bank, which is the southerly line of all the blocks mentioned, is definitely fixed by a meander line indicating the left bank of the stream. There is a further reason, however, which is conclusive upon this court in determining the southerly line of block 2. The trial court found as a fact, from oral testimony in connection with the plat, that this boundary was the left bank of the river. Each side produced witnesses, some of whom, from an inspection of the plat, testified that the southerly line of the block was the left bank of the river, and others, the line of the Congressional Grant. This testimony was introduced upon the theory that the southerly line of block 2 was not definitely fixed by the plat. We think the plat shows that this line is the left bank of the river, as previously stated, but assuming that the plat was so indefinite and uncertain that the question of the southerly boundary line of block 2 was a subject upon which it was competent to hear oral testimony, then the finding of fact by the trial court upon the conflicting testimony cannot be disturbed on review. In nearly all of our reports, cases may be found wherein it is announced that a finding of fact, in such circumstances is conclusive upon this court.

Plaintiff and his predecessor have acted entirely in

good faith, but the purchaser at the tax sale and the assignee of the certificate of sale have been misled by the action of the assessor, who in 1883 assumed to re-plat a part of block 2, as shown by a copy of the block book prepared for that year. According to the plat filed by Kasserman, the southerly line of lot 21 in block 2, was the meander of the left bank of the river. The assessor however, assumed that the southerly line of lot 21 was another line not appearing upon the plat, which would make the width of the west front of that lot the same as others in the block, and in his block book drew this imaginary line, which left a small triangular piece between that line and the river; the southwest corner of which was the north line of the Congressional Grant. The tax sale, under which plaintiff claims the property, was for the delinquent taxes of 1883, but in the circumstances above narrated, it is clear that the tract sold was the triangular piece above mentioned, which in fact was a part of lot number 21 in block 2. In other words, it appears from the block book that the assessor in 1883, assessed the triangular piece shown by the block book for that year, lying between what he assumed to be the southerly line of lot 21 and the river, as the unsubdivided part of block 21, lying southeast of lot 21, and in as much as it is apparent from the plat filed by Kasserman, that the southerly line of block 2 was the left bank of the river, it follows that it was this triangular tract which was sold for the taxes of 1883. Another significant fact is, that had it been the intention of the assessor to assess the premises in dispute, he would not have assumed to plat the triangular tract, to which we have referred, but would have assessed it as that portion of block 2 not subdivided, lying south of lot number 21, without reference to the Congregational Grant line.

Plaintiff relies upon the provisions of sections 2923

and 2924, Mill's Statutes, which provide in substance, that every person in the peaceable and undisputed possession of lands, under claim and color of title, made in good faith, or whenever any person having color of title made in good faith to vacant lands, shall pay all taxes legally assessed thereon for five successive years, he shall be deemed and adjudged the owner of such land to the extent and according to the purport of his paper title. These sections were repealed in 1893, and in lieu thereof what are now sections 4089 and 4090, R. S. 1908, enacted.—*Ballard v. Golob,* 34 Colo. 417, 83 Pac. 376. So far as any question is involved they require the payment of taxes for seven successive years under color of title made in good faith, but in the circumstances of this case do not aid plaintiff in establishing his title to the disputed premises, for the reason that the tax deed, under which plaintiff claims, did not include these premises, and, hence, did not constitute color of title to them.— *Laughlin v. City of Denver,* 24 Colo. 255, 50 Pac. 917.

Neither does section 5733, R. S. 1908, which provides that an action for the recovery of land sold for taxes shall not lie, unless brought within five years after the execution and delivery of the tax deed, have any application, because the subject matter of controversy was not sold for the taxes of 1883. In other words the rights of the parties are not dependent upon the validity of the tax deed, but whether it embraces the premises involved.

In brief, as previously stated, the right of plaintiff to the premises in dispute, depends upon whether block 2 extends south of the river, and as it does not, none of the sections of the statute of limitations considered, are applicable, and cannot be made the basis upon which plaintiff can assert title.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE MUSSER and Mr. JUSTICE GAR-
RIGUES concur.