[No. 7991.]

### BOYD V. MUNSON ET AL.

1. LIMITATIONS—*Tax Title—The Five Years Statute.* An action to quiet title is not an action for the recovery of the land within the meaning of Rev. Stat., sec. 5733, and is not barred by that statute. (167, 168.)

Evidence aliunde the deed is admissible to show its invalidity. (168.)

2. APPEALS AND ERROR—*Error Not Affecting Substantial Rights.* Bill to Quiet Title to Lands. Plaintiff Relied Upon a Tax Title. In the court below testimony was received impeaching the sale under which plaintiff's title accrued, though no such facts were pleaded. Considering that if the judgment were reversed, defendants might present the issue by an amendment, the court, in obedience to the statute (Laws 1911, c. 6, sec. 20), affirmed the judgment. (168.)

3. PLEADING—*What Must be Specially Pleaded.* Bill to quiet title, the complaint not setting forth how plaintiff's title was acquired. The defendant is not required to anticipate that a tax deed will be relied upon. *Semble,* he may assail it in proof without pleading its defects. (168.)

*Error to Logan District Court.* Hon. H. P. BURKE, Judge.

Messrs. McCONLEY & HINKLEY, for plaintiff in error.

Mr. JOHN F. MAIL, for defendants in error.

GABBERT, C. J., delivered the opinion of the court.

Plaintiff in error, plaintiff below, brought an action to quiet title to a quarter section of land. To this action the defendants in error were made defendants. The Munsons filed an answer claiming to be the owners of the property under a tax deed. Gibson answered, claiming to be the owner in fee by mesne conveyances from the patentee. Plaintiff replied to the answer of the Munsons, setting up that he was the owner of the premises under a tax deed, issued by virtue of an assessment and tax sale of a later date than the one upon which their deed was issued. Judgment was for the defendant, Gibson.

Plaintiff to establish title relied solely upon his tax deed, which was recorded more than five years prior to the

commencement of his action. This deed was admitted in evidence, and also the tax deed held by the Munsons. The conveyances by which Gibson deraigned title were also admitted. From the evidence it appears that whatever title the Munsons held had been acquired by Gibson, and that his title as established by the mesne conveyances from the patentee, was superior to the title of plaintiff, or vested in him the title in fee to the premises in dispute, unless the tax deed under which plaintiff claimed was valid.

Complaint is made that the court erred in admitting the Munsons' tax deed, and the muniments of title under which Gibson claimed. This, however, is of no moment, unless it appears the court erred in admitting testimony to establish the invalidity of plaintiff's tax deed. This deed was valid upon its face, and the important question is, whether in view of the fact that it had been issued and delivered more than five years prior to the date plaintiff instituted his action, testimony *aliunde* was competent to establish its invalidity. We so limit the question because it appears to be conceded that the testimony established the invalidity of the deed, provided it could be so attacked. *Newcomb v. Henderson*, 22 Colo. App. 167, 122 Pac. 1125.

Section 5733, R. S., provides, "No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding." It is by virtue of this section that plaintiff contends it was error for the court to receive testimony to impeach his tax deed. In *Munson v. Marks*, 52 Colo. 553, 124 Pac. 187, it was expressly ruled that this section did not apply, except to actions for the recovery of the land conveyed by a tax deed. This is not of that character. Plaintiff's action is to quiet title. Gibson by his answer claimed to be the owner of the premises in dispute, and in effect sought to have any claim of title thereto by plaintiff declared to be without right. The only evidence

of title on the part of plaintiff was a tax deed, but the statute which he invokes is not a defense to an action to quiet or remove a cloud from title, hence it was not error to admit testimony to show that the tax deed upon which plaintiff relied, was invalid. The Munson case, above referred to, has been followed in *Carnahan v. Hughes,* 53 Colo. 318, 125 Pac. 116; *Munson v. Keim,* 53 Colo. 576, 127 Pac. 1026; *Foster v. Gray,* 24 Colo. App. 247, 133 Pac. 146; *Eagan v. Mahoney,* 24 Colo. App. 285, 134 Pac. 156, and *Poague v. Rollins,* 24 Colo. App. 537, 135 Pac. 990.

It is also contended that the court erred in receiving testimony to impeach the deed, because there was not any pleading on behalf of the defendants raising this issue. It is unnecessary to go into this question. As above stated, it appears to be conceded that the testimony established the invalidity of the tax deed, and should the judgment be reversed for want of a plea presenting this question, a retrial with an amended plea would result in the same judgment that has already been rendered. By section 20, chapter 6, Laws 1911, it is expressly provided that the Supreme Court shall disregard any error or defect which does not affect the substantial rights of the parties, and that no judgment shall be reversed by reason of such error or defect. Without so deciding, it may be that Gibson could attack the tax deed without a plea assailing its validity, because he was not required to anticipate by answer that plaintiff would attempt to establish his title by such deed. *Harrison v. Hodges et al,* 49 Colo. 105, 111 Pac. 706.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

GARRIGUES, J., and SCOTT, J., concur.