## No. 14,227.

HARRISON *v.* CITY AND COUNTY OF DENVER.
(76 P. [2d] 1110)

Decided February 28, 1938.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. GLENN G. SAUNDERS, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

HUGH J. HARRISON, who was one of the defendants in the district court, prosecutes a writ of error to reverse a judgment in favor of the City and County of Denver, plaintiff below. For convenience defendant in error will be designated as the city and plaintiff in error, and other defendants in the trial court, so far as reference to them is necessary, will be mentioned by name.

The complaint on which judgment was rendered was styled by the city "Amended complaint to remove cloud on title." The defendants in the action were Hugh J. Harrison, who prosecutes this writ of error, W. H. Harrison, and the treasurer of Grand county. The complaint alleges that the city is the owner of an undivided three-fourths interest in a certain twenty acres of land; that December 14, 1920, the treasurer of Grand county issued a tax sale certificate based on a sale of the property for the taxes of 1919, reciting that the land had been struck off to Grand county; that February 6, 1926, the certificate was assigned to one H. S. Riley who thereafter, on June 3, 1926, procured the issuance of a tax deed thereon and recorded the same February 14, 1927, in the office of the county clerk and recorder of Grand county; that January 7, 1927, the said Riley conveyed the property to the defendant Hugh J. Harrison; that the deed of conveyance was filed for record in the office of the county clerk and recorder of Grand county, February 14, 1927; that thereafter, on January 5, 1931, said Hugh J. Harrison conveyed the property to the Public Trustee of Grand county by trust deed—duly recorded in Grand county—to secure payment of a note payable to the order of defendant, W. H. Harrison. A copy of the tax deed above mentioned was attached to the complaint as an exhibit, and was alleged to be void on its face. The prayer of the complaint is as follows: "Wherefore, plaintiff prays:

"(a) That said purported tax deed be declared to be null and void and to be a cloud upon the title of the plaintiff and that the same be cancelled;

"(b) That plaintiff be allowed to redeem from said purported tax sale by paying into this court or to the defendant Bloom, as County Treasurer, such sum as this court shall determine to be necessary to effect such redemption;

"(c) For such other and further relief as shall seem to the court meet and proper and for costs."

Defendant Hugh J. Harrison demurred to the complaint on the following grounds:

1. That the amended complaint does not set forth facts sufficient to constitute a cause of action against this defendant nor to warrant the court in granting the relief demanded.

2. That there is a defect of parties plaintiff in that it appears from the complaint that one other than the plaintiff is the owner of an undivided one-fourth interest in the property described in the deed mentioned in the complaint which is sought by this action to be cancelled, and said third person is not a party plaintiff to the relief demanded.

3. That there is a defect of parties defendant, in that it appears that the grantee in the deed sought to be cancelled, one H. S. Riley, is not made a party defendant.

The court overruled the demurrer. Defendant Hugh J. Harrison then elected to stand on his demurrer and a decree was entered granting the relief prayed for in the complaint.

Error is assigned to the action of the trial court in overruling the demurrer and in decreeing the cancellation of the tax deed at the suit of a plaintiff which was the owner of only an undivided three-fourths interest in the property, and not in possession.

Defendant Hugh J. Harrison contends that the complaint does not state a cause of action in that the city fails to allege that it was in possession of the property at the time suit was instituted. If the action is one to quiet title under the Code of Civil Procedure (c. 22, §275, C. S. A. '35), then unquestionably possession is a condition precedent which plaintiff must establish in order to maintain a cause of action. *Clark v. Huff,* 49 Colo. 197, 112 Pac. 542. If it must be proved, it of course must be pleaded. The city answers this contention by saying that the action is not brought under the Code to quiet title, but is an equitable proceeding for the purpose, among

others, of removing a specific cloud from its title created by the tax deed set forth in the complaint, and that title alone is sufficient to sustain the action. We think, from an examination of the complaint, that there is no doubt that the city's contention that the action is not one under the Code to quiet title is sound.

In *Venner v. Denver Union Water Co.*, 15 Colo. App. 495, 63 Pac. 1061, the court recognized the two forms of action, in the opinion stating at page 506: "There is some controversy between the parties as to whether this is a proceeding in equity to remove a cloud upon title, or an action under the code to quiet title. We are clearly of the opinion that it is the former * * * the complaint before us is a carefully prepared and elaborate bill in equity, praying a decree that the alleged title of the plaintiff be relieved from the apparent but fictitious lien of a mortgage."

In *Empire Ranch and Cattle Co. v. Wilson*, 24 Colo. App. 83, 131 Pac. 779, the court makes this pertinent observation: "All of the authorities relied upon by the appellant involve actions in equity to remove a cloud wherein it became the duty of the plaintiff to allege in his complaint, in many instances, the nature and kind of instrument that constituted the cloud. Those cases are not directly applicable here, notwithstanding it has been held that our code action to quiet title is but a recognition of the old chancery proceeding of a similar nature. *Wall v. Magnes*, 17 Colo. 476, 30 Pac. 56. *It has never been held that the pleadings and the practice under the suit in equity to remove a cloud are the same as in this action.*" (Italics mine). While not directly involved in the Empire Ranch and Cattle Company case, which was an action under the Code to quiet title, the foregoing quotation indicates a recognition by our Court of Appeals that there is a distinction between an equitable action to remove a specific cloud, and an action to quiet title. In the case of *Knight v. Boring*, 38 Colo. 153, 87 Pac. 1078, the defendant argued that the action stated in the original complaint

was one to remove a cloud from plaintiff's title, and that there was a departure in that the amended complaint was an action to quiet title. Concerning this contention the court said: ''The defendant insists that there is a departure in the pleadings—that the cause of action stated in the amended complaint is not the same as that stated in the original complaint, and that a plaintiff is not permitted to change his cause of action by amendment. It is said that the action in the original complaint is to remove a cloud from the plaintiff's title, and that the amended complaint is an action to quiet title. The distinction between these causes of action is well understood; and, if the plaintiff has changed his cause of action from one to remove a specific cloud to one to quiet title, the defendant's contention must be sustained.

''We are of opinion that the cause of action has not been changed. It is conceded that the original complaint contained the necessary averments of an action to quiet title, but it is claimed that other averments restricted the action to a specific tax deed, and that the action was brought, not to quiet title, but to remove the cloud cast upon the plaintiff's title by a particular instrument. We must say that the complaint is not drawn artistically, regarded either as containing a cause of action for the removal of a cloud, or as containing a cause of action to quiet title. It appears to join both causes of action, as well as one to recover a money judgment, and the demurrer to the original complaint should have been sustained upon the ground that causes of action were improperly joined. But that defect was cured by the subsequent dismissal and the filing of a new complaint. * * * We are of opinion that, under either complaint, the defendant, Knight, could have shown any title he possessed, whether derived from the county treasurer or otherwise, to defeat the claim of plaintiff, and that the plaintiff was not required to set out his own title nor that of the defendant, but that he could allege ownership

in himself and require the defendant to show his title. For another reason the defendant, we think, cannot complain. The answer of the defendant shows that he relied altogether upon his tax title. If the purpose of the original complaint was to remove the cloud caused by the tax deed, and the amended complaint was a complaint to quiet title, the defendant, as his only claim to title is through the tax deed, is not injured and cannot complain, even though, technically considered, a different cause of action is stated in the amended complaint.''

From the foregoing we conclude that notwithstanding the code provision to quiet title, an action under which may result in the incidental removal of a cloud, the plaintiff is not limited to such an action, but may bring a general equitable suit for the specific purpose of removing the cloud, in which case there is no requirement by statute, nor do we see any necessity in reason, that the plaintiff be in possession. The action of the trial court in overruling the demurrer as to the first ground was proper.

██ The second ground of the demurrer, that there is a defect of parties plaintiff in that the owner of an undivided one-fourth interest which also was conveyed by the tax deed herein sought to be cancelled, is not a party plaintiff is without merit. Section 264, c. 142, C. S. A. '35, provides that: ''Real property sold under the provisions of the revenue law of 1902 may be redeemed by the owner, his agent, assignee, or his attorney, or by any person having a legal or equitable claim therein, at any time before the expiration of three years from the date of sale, or thereafter at any time before the execution of the treasurer's deed * * *.'' We think there can be no question that one who owns an undivided three-fourths interest in a specific tract of real property has a ''legal * * * claim therein.'' Having such claim he is entitled under the statute to redeem. When property is redeemed from a tax sale the claimant under a void tax deed cannot be injured by a cancellation of his

deed because such cancellation may be a benefit to the owner of the one-fourth interest, when under no circumstances disclosed by the record can any injury to the holder of the void deed result.

As to the third ground of the demurrer that there is a defect of parties, in that H. S. Riley who was the original grantee in the treasurer's deed, is not made a party, that likewise is without merit. It is alleged in the complaint, and for the purposes of the demurrer the allegation is admitted, that all of the interest acquired by Riley by virtue of said treasurer's deed passed by quitclaim deed to the defendant, Hugh J. Harrison. Having no interest remaining Riley is neither a necessary nor a proper party to the action.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE KNOUS concur.