UNITED STATES of America,
Plaintiff,

v.

Donald R. MULLIGAN, Ruth Mulligan, Oscar Franz, Jr., Cleta Franz, Richard Franz, Doris A. Franz, E. B. Winsor, Harry Hedderly, Merle E. Mulligan, Everal Carson, Julius M. Swanson, Mattie White and Joseph F. Nunenmacher, Defendants.

Civ. No. 10090.

United States District Court
D. Oregon.
Sept. 23, 1959.

C. E. Luckey, U. S. Atty., and A. Allan Franzke, Asst. U. S. Atty., Portland, Or., for plaintiff.

John F. Dore, Seattle, Wash., Floyd D. Hamilton, Frank L. Whitaker, Portland, Or., for defendants.

SOLOMON, Chief Judge.

This case involves two placer mining claims of 160 acres each, both of which are located in the Siskiyou National Forest in the State of Oregon. The defendants, or their predecessors in interest, filed mining claims, entered these lands, and made certain improvements. Defendant Mulligan cut and removed a large quantity of timber which he sold to various lumber mills. He also cut, but did not remove, a substantial number of trees.

Defendant Mulligan alleges that he has discovered valuable deposits of nickel, iron and asbestos, that his mining claims are therefore valid, and being valid, he is entitled to cut, remove and sell the timber and use the proceeds to develop the minerals.

The Government in this action asserts that neither claim contains minerals in any commercial quantity, and that Mulligan's alleged mineral discovery is unfounded and was made solely as a subterfuge to enable him to sell the timber on these tracts. Specifically, the Government seeks:

(1) to obtain a determination of the validity of the mining claims and a declaration that such claims are null and void;

(2) to enjoin the defendants from cutting or removing timber on the disputed mining claims; and

(3) to recover treble damages for the timber cut and removed.

After notice and hearing, this Court issued a preliminary injunction to prevent the defendants from further cutting or removing timber.

Defendants timely filed a motion for a jury trial. This case is now before the Court to determine what issues, if any, should be tried by a jury. It is also before the Court to determine whether certain issues should be segregated for separate trials.

I am of the opinion that the trial of all of the issues at one time would be burdensome to the parties and would involve much unnecessary expense. It will be more convenient to the parties as well as to the Court to try certain issues separately. The validity of the mining claims and plaintiff's right to an injunction will be tried together and prior to the issue of treble damages and the title dispute between the defendants.

The defendants contend that whether this case is to be tried before the court or a jury depends upon a determination of who is in possession of the lands. Defendants assert that they, and not the Government, are in possession, and therefore equity jurisdiction may not be invoked by the Government. They argue that if the Government does not have possession, its remedy at law through an ejectment action is adequate.

In order for the plaintiff to prevail, the Government need not show that it is in exclusive possession. If both the plaintiff and the defendants are in possession, equity will lie. Harlan v. Sparks, 10 Cir., 1942, 125 F.2d 502.

It is admitted that no patent has issued to either tract. The title of the defendants is merely a possessory one of limited character. It is possessory of the mineral wealth alone. Until the Government issues the final certificate, it retains both the legal and equitable title. United States v. Etcheverry, 10 Cir., 1956, 230 F.2d 193; Teller v. United States, 8 Cir., 1901, 113 F. 273.

Since the Government is either in exclusive or partial possession of the lands, the validity of the mining claims and its prayer that such claims be declared null and void is a proceeding in the nature of

386

the removal of a cloud upon title. This issue is one in equity and is triable solely by the court. Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 1951, 191 F.2d 705; Harrison v. City and County of Denver, 1938, 102 Colo. 98, 76 P.2d 1110.

 Plaintiff seeks to enjoin defendants from cutting and removing timber on the ground that it will be permanently and irreparably injured. An injunction is purely an equitable remedy and hence this issue must be tried by the court. Big Six Development Co. v. Mitchell, 8 Cir., 1905, 138 F. 279, 1 L.R.A.,N.S., 332, certiorari denied 199 U.S. 606, 26 S.Ct. 746, 50 L.Ed. 330; United States v. Standard Oil Co., D.C. S.D.Cal.1937, 20 F.Supp. 427, affirmed 9 Cir., 1939, 107 F.2d 402, certiorari denied 309 U.S. 673, 60 S.Ct. 715, 84 L.Ed. 1019.